Kohli *et al. v.* Hall *et al.*

Filed May 28, 1895.

No. 17,456.

KOHLI ET AL. *v.* HALL ET AL.

PLEADING.—*Complaint, When Sufficiently Shows Debt Due and Unpaid.* —*Foreclosure of Mortgage.*—In an action to foreclose a mortgage, averments "that, by the terms of the mortgage, if any part of the debt, principal, or interest shall become due and remain unpaid for six months at any time, the whole sum secured shall be immediately due and payable; that the debts, as above described, by reason of the nonpayment of interest according to the conditions of said mortgage are past due and wholly unpaid," are sufficient as showing the mortgage debt due and unpaid, when the complaint is first attacked on appeal.

SAME.—*Answer.—Sustaining Demurrer to.—Harmless Error.—Practice.* —An error in sustaining a demurrer to a paragraph of answer is harmless where the same defense is available under another paragraph to which a demurrer was overruled.

MORTGAGE.—*Judgment on Mortgage Indebtedness no Bar to Action on Mortgage.—Merger.—Decedents' Estates.*—The recovery of a judgment upon a note or notes secured by a mortgage is no bar to another action to foreclose the mortgage, for a judgment upon mortgage indebtedness neither merges nor impairs the mortgage lien, and may be enforced against property of a decedent, even after the expiration of the year from the death of the decedent.

SAME.—*Foreclosure Complaint.—Variance Between Pleading and Proof.* —*Amendment of Pleading.—Supreme Court Practice.*—Where the complaint, in an action to foreclose a mortgage, alleges the mortgage indebtedness to consist of promissory notes, and the special finding discloses that the notes had been, prior to the present action,

reduced to judgments, the variance is one which might have been cured by amendment, and will be considered as cured on appeal.

From the Elkhart Circuit Court.

*H. D. Wilson* and *W. J. Davis,* for appellants.

*L. W. Vail* and *E. Salsbury,* for appellees.

JORDAN, J.—This is an action to foreclose a mortgage against the heirs and administrator of one Isaac Kohli, which mortgage and the notes secured thereby were executed by said deceased. The errors assigned in this court are:

First. That the complaint does not contain facts sufficient.

Second. That the court erred in sustaining the demurrer to the second paragraph of the answer.

Third. That the court erred in overruling the motion for a new trial.

Fourth. The court erred in its conclusions of law.

The contention of appellants is that the complaint does not sufficiently allege that the debts secured by the mortgage are due and unpaid. It is averred therein "that, by the terms of the mortgage, if any part of the debt, principal or interest shall become due and remain unpaid for six months at any time, the whole sum secured shall be immediately due and payable. That the debts of plaintiffs, as above described, by reason of the nonpayment of the interest due on the first day of March, 1892, according to the conditions of said mortgage, are long past due and wholly unpaid."

The complaint must be held sufficient in this respect, at least, when assailed for the first time in this court.

The facts set up in the second paragraph of the answer were to the effect that after the death of Isaac Kohli, the decedent, and before the commencement of this action to foreclose the mortgage, appellees had each filed

their several notes secured by the mortgage against his estate, and that they had been allowed by the court and judgment rendered thereon, and that the administrator of said estate had for six months past been diligently prosecuting proceedings to sell the real estate upon which the mortgage was sought to be foreclosed for the purpose of discharging said mortgage lien, and the prayer was that the proceedings in this action be stayed until the administrator could effect a sale of the mortgaged premises.

In the third paragraph of the answer the administrator set forth facts showing that he had obtained an order of sale from the proper probate court, and was and had been endeavoring to sell the real estate in question, and he prayed the court to stay proceedings for this reason. A demurrer to this third paragraph of answer was overruled. As all the facts tending to authorize the court, under section 397, Elliott's Supp. 2484, R. S. 1894, to stay proceedings in a foreclosure suit upon the application of an administrator, were more fully shown in this paragraph, and as these facts were available thereunder on the trial there was no error in this respect, in the action of the court in sustaining the demurrer to the second paragraph of the answer. Neither can it be held that the additional facts alleged in this second paragraph showing that the mortgage indebtedness had been allowed by the court against the decedent's estate, are a bar to appellees' right to enforce their action upon the mortgage after the expiration of a year from the death of said decedent.

. It is well settled that the recovery of a judgment upon a note or notes, secured by a mortgage, is no bar to an action to foreclose the latter. *Conyers* v. *Mericles*, 75 Ind. 443, and cases there cited.

A judgment upon the mortgage indebtedness neither merges nor impairs the mortgage lien. *Pence* v. *Arm-*

*strong,* 95 Ind. 191, and cases cited on page 207 of the opinion.

There was no error in any respect in sustaining the demurrer to the second paragraph of the answer. If the notes secured by the lien in question had been merged in judgments, as contended by appellants, the complaint in the case at bar should have alleged this fact, and have shown that the mortgage indebtedness had been changed in form by being reduced to judgments, and described it in that form, and upon failure of the appellees to so allege and describe said indebtedness as it existed at the commencement of the action, appellants could, on the trial, have made their objections upon these grounds, when the judgments were offered in evidence. The evidence is not in the record, and, consequently, no question for our consideration is presented by the third assignment of error.

We have examined the special finding of facts and conclusions of law thereon, and it is true that the court finds that the notes secured by the mortgage had been, prior to the commencement of the action, allowed by the court against the estate of Isaac Kohli. This finding as to the form of the indebtedness as it existed when the action was instituted was, to say the least, but a variance from the averments in the complaint, as the mortgage indebtedness was therein treated as being evidenced by the notes and the pleading was silent in regard to the fact that they had been allowed and reduced to judgments against the estate. However, as this was a matter that might have been corrected in the trial court by amendment, so as to correspond to the proof upon the trial, this court, on appeal, will deem the amendment to have been made. This rule of practice is well settled. Section 658, R. S. 1881, section 670, R. S. 1894; *Krutz* v. *Howard,* 70 Ind. 174, and cases cited.

It appears from the special findings that over a year had elapsed since the death of the decedent and before the beginning of this action, and that the administrator had not diligently prosecuted his proceedings to sell the real estate. The special finding of facts taken and considered as a whole, we think, fully sustains the conclusions of law thereon, and authorized the court in awarding a decree of foreclosure in favor of appellees.

We discover no available error and the judgment is affirmed, with cost.

Filed June 4, 1895.