Blumenthal *v.* Tibbits.

---

BLUMENTHAL ET AL. *v.* TIBBITS.

[No. 19,997. Filed February 5, 1903.]

EXECUTION.—*Taxes.—Payment.—Subrogation.*—A complaint alleged that plaintiffs conveyed certain real estate to defendant's husband under an agreement that the latter should pay the taxes accrued thereon, and that plaintiffs were compelled to pay the same; that subsequently a judgment was obtained against defendant's husband by a third person and an execution issued thereon; that after the death of the husband the real estate was sold to the execution plaintiff who transferred his certificate of sale to defendant and she afterward obtained a sheriff's deed to the real estate "and still holds the same by virtue thereof, and not otherwise," and prayed that plaintiffs be subrogated to the former lien for taxes, and that the same be foreclosed against the property so held by defendant. *Held,* that the complaint was bad for failure to allege that defendant had any notice of the claim or lien at the time she purchased the real estate, and that she acquired title free from any prior secret equity. *pp. 71, 72.*

SAME.—*Decedents' Estates.*—The provision of §2484 Burns 1901, prohibiting the institution of proceedings against a decedent's estate for the enforcement of judgments before the end of one year from the death of the decedent, does not apply to cases where the execution was issued in the lifetime of the decedent. *pp. 72, 73.*

From Grant Superior Court; *Hiram Brownlee,* Judge.

Action by Morris Blumenthal and another against Addie L. Tibbits. From a judgment sustaining a demurrer to the complaint, plaintiffs appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*Steele, Lett & Steele* and *J. A. Kersey,* for appellants.
*J. L. Custer* and *O. L. Cline,* for appellee.

Gillett, J.—Appellants filed a complaint in two paragraphs, to each of which the court sustained a demurrer, and the questions presented are as to the sufficiency of said paragraphs.

The first paragraph of complaint charges that appellants and one John C. Tibbits, the deceased husband of appellee, exchanged certain lots, respectively owned by them, by deeds executed on April 21, 1896; that, as a part of the consideration for said transfer, it was agreed that said John C. Tibbits should pay the taxes that had then accrued on the lots conveyed to him; that he subsequently refused so to do, and that appellants, in order to protect their property from sale, were compelled to and did pay said taxes, amounting to $200.20; that subsequently the First National Bank of Marion, Indiana, recovered a judgment against said John C. Tibbits, in the Grant Circuit Court, and on the 7th day of April, 1898, caused an execution to issue thereon to the sheriff of said county; that in August, 1898, said John C. Tibbits died intestate, leaving appellee as his widow and sole heir at law; that on the 8th day of September, 1898, said sheriff levied said execution upon the lots so conveyed to said John C. Tibbits, and, on the 22d day of October, 1898, sold the same to the judgment plaintiff in said action, and executed to it a certificate of sale; that on the 18th day of October, 1899, said judgment plaintiff sold and transferred said certificate, by written assignment thereon, to appellee, who afterwards obtained a sheriff's deed for said lots, "and still holds the same by virtue thereof, and not otherwise." Prayer that appellants be subrogated to the former lien for taxes, and that the same be foreclosed against the property so held by appellee.

The second paragraph of complaint alleges the same facts as the first, except that it does not allege the obtaining of a judgment by said bank, and omits all allegations as to the proceedings thereunder, and further alleges the following facts: That immediately after the death of said John C.

Tibbits appellants were intending and about to proceed to enforce their said claim for taxes against the property so conveyed to him, and informed appellee of their intention so to do; that she thereupon requested them to desist and refrain from so doing, and then and there promised them that if they would so desist and refrain she would pay them the amount of said taxes; that appellants accepted said promise, and, relying thereon, did desist and refrain from taking any proceedings to enforce their claim against said real estate; that appellee has failed, neglected, and refused to pay said taxes or any part thereof, to appellants, though often requested so to do. The paragraph concludes with a prayer for a personal judgment against appellee.

It will be observed that the first paragraph of complaint does not allege or show that appellee had any notice, actual or constructive, of the claim or lien of appellants at the time she purchased the sheriff's certificate, or when she took the deed for the property. We do not even find an allegation in this paragraph that John C. Tibbits was the owner of the lots at the time the execution issued or at his death. The allegation is distinct that appellee holds the lots by virtue of the sheriff's deed and not otherwise. But even if we assume from the fact that the judgment was against John C. Tibbits, that it was his interest in the lots that was levied upon and sold by the sheriff, yet, if the sale was valid, it must be presumed, in view of the silence of the paragraph upon material matters, that she acquired the title under which she holds free from any prior secret equity. *Pugh* v. *Highley,* 152 Ind. 252, 44 L. R. A. 392, 71 Am. St. 327; *Union, etc., Ins. Co.* v. *Dodds,* 155 Ind. 365.

The position is taken by appellants' counsel, however, that the proceedings of the bank subsequent to the judgment were invalid, because of the provision of the decedents' act, prohibiting the institution of proceedings before the end of one year from the death of the decedent to enforce the lien

of any judgment, etc.   §2484 Burns 1901.   Waiving other possible objections to the position stated, it is sufficient to say that the prohibition mentioned is directed to the institution of proceedings, and it can not be held to apply to cases where the execution was issued in the lifetime of the decedent, because that would bring it in conflict with the provision of the civil code authorizing the sheriff to proceed under such circumstances.   §802 Burns 1901.   It is true that §2484, *supra,* was enacted in 1883, while §802, *supra,* was enacted in 1881, but §2484 is substantially a reënactment of §151 of the decedents' act, enacted in 1881 (Acts 1881, p. 423), and the presumption against a repeal under such circumstances is especially strong.   The first paragraph of the complaint is clearly insufficient.   The second paragraph of the complaint also fails to state sufficient facts.   Appellee's promise does not appear to have been based on a promise on appellants' part to refrain and desist from the enforcement of their claim for any definite length of time.   Said promise apppears to be open to the objection that no consideration is disclosed, and also that it was a collateral, rather than an original, undertaking.

Judgment affirmed.