ST. JOSEPH COUNTY SAVINGS BANK *v.* RANDALL
ET AL., ADMINISTRATORS.

[No. 5,578.     Filed March 6, 1906.]

1. DESCENT AND DISTRIBUTION.—*Creditors.—Rights to Personalty.—Liability of Heirs.*—Creditors have the right, by properly filing their claims as provided by §2465 Burns 1901, Acts 1883, p. 151, §5, to share in the distribution of the personal estate of a decedent; and unless their claims are so filed, they can not afterwards collect same from heirs receiving such property. p. 404.

2. SAME.—*Creditors.—Mortgages.—Waiving Right to Share in Personalty.*—A mortgagee of a decedent, by failure to file his claim as provided by §2465 Burns 1901, Acts 1883, p. 151, §5, waives his right to share in the decedent's personal property; and his sole right to collect such debt is to subject such mortgaged property to the payment thereof. p. 404.

3. BILLS AND NOTES.—*Attorneys' Fees.*—A stipulation in a note for attorneys' fees constitutes a contract of indemnity which is enforceable only when the maker commits a breach of the provisions of such note. p. 405.

4. SAME. — *Attorneys' Fees. — Decedents' Estates.*—A note, stipulating that the maker shall pay attorneys' fees, filed before maturity as a claim against the decedent's estate and properly allowed by the administrators, does not render such estate liable for attorneys' fees in the presentation of such claim. p. 405.

From Pulaski Circuit Court; *William A. Foster,* Special Judge.

Claim by St. Joseph County Savings Bank against Arthur T. Randall and another, as administrators of the estate of Jennie A. Gray, deceased. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

*M. Winfield,* for appellant.

*Burson & Burson,* for appellees.

MYERS, J.—On June 22, 1904, appellant by its attorney filed in the office of the clerk of the Pulaski Circuit Court its claim for $3,628.14 against the estate of Jennie A. Gray, deceased, represented by appellees. The claim is founded upon one principal promissory note for $3,500 and five interest or coupon notes for $175 each, all stipulating for attorneys' fees, and secured by mortgage on real estate. The notes are of date October 1, 1903, and none of said notes were due at the time of filing the claim, nor was appellees' decedent in any manner or form in default of any of the stipulations of any of said notes. In July or August, 1904, appellees, as administrators, duly allowed on the proper docket kept by said clerk, and on account of the claim filed, $3,675, the same being the full face of said principal note and all interest due to October 1. The item of attorneys' fees, $193.84, included as a part of the claim filed, was not allowed. On September 8, 1904, appellees paid to the clerk of said court for appellant $3,675, who paid the same to appellant's attorney on September 12, who accepted and receipted to the clerk therefor in part payment, at the same time directing the clerk, unless balance of claim was allowed or paid during that term of court, to transfer the same to the issue docket. The remainder of the claim was not allowed or paid and was by the clerk transferred to the issue docket of such court. Issues were formed and a trial had before the court, resulting in a finding and judgment in favor of appellees.

By the errors here assigned, the question for decision is the right of appellant to collect from said estate its attor-

neys' fees for filing its claim with the clerk of the Pulaski Circuit Court. By §2465 Burns 1901, Acts 1883, p. 151, §5, it is provided: "No action shall be brought by complaint and summons against the executor or administrator of an estate for the recovery of any claim against the decedent, but the holder thereof, whether such claim be due or not, shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending." This provision of the statute was in force at the time of the execution of the notes, and upon a familiar principle the law then applicable became an element of such contract. *Pennsylvania Co.* v. *Clark* (1891), 2 Ind. App. 146. In the case at bar the claimant had the right to share in the distribution of the personal estate of the decedent, but in order to obtain this right it was required to file its claim as prescribed by statute. *Cincinnati, etc., R. Co.* v. *Heaston* (1873), 43 Ind. 172; *Beach* v. *Bell* (1894), 139 Ind. 167. And a failure thus to file its claim before final settlement of the estate would bar any right of action against the heirs, although they may have been recipients of a part of such estate. *Stulls* v. *Forst* (1893), 135 Ind. 297, 304.

Another course was open to appellant, that of waiving its right to participate in the personal assets of the estate and look to its mortgage security for payment, in which event it would have been relieved of the necessity of filing its claim. *Beach* v. *Bell, supra.* It chose the remedy of filing its claim. This was its right given by law, and not on account of any breach on the part of the maker of the notes. By seeking payment from the administrators its right to share in the personal estate of the decedent was secured; but in order to be protected in these rights the law made it incumbent upon appellant to file its claim against the estate in the office of the clerk of the court in which the estate is pending. The expense necessary in preparing and presenting its claim to the

clerk, appellant insists, is covered by the stipulation in the notes providing for attorneys' fees. This insistence is not well founded.

The stipulation in the notes for attorneys' fees is a contract of indemnity, and is effective only in case of a breach on the part of the maker, and by reason thereof the 3. holder of the notes has necessarily incurred a liability for attorneys' fees. *Judson* v. *Romaine* (1893), 8 Ind. App. 390; *Moore* v. *Staser* (1893), 6 Ind. App. 364; *Rouyer* v. *Miller* (1896), 16 Ind. App. 519.

In the case at bar there is no pretense of any breach on the part of the maker of the notes of any of the stipulations therein contained, and without a breach the ex- 4. penditure for attorneys' fees was not on account of any fault of the maker or her representatives, and not therefore chargeable to her estate. The cost of preparing and presenting the claim of appellant to the clerk was a matter for the claimant, and any expenditure made by it in the way of attorneys' fees is not covered by the clause in the note "and attorneys' fees." The undisputed facts in this case show that the claim was in nowise disputed, and was paid in full within a short time after it was filed, except that part demanding fees for its attorneys.

Finding no error in the record, judgment is affirmed.