## ELWOOD STATE BANK v. MOCK.

[No. 6,006. Filed December 19, 1907.]

1. PLEADING.—*Complaint.—Mechanics' Liens.—Demurrer.—Initial Attack on Appeal.*—A complaint alleging that plaintiff furnished machinery to the defendant factory owner for use in his factory and that it was so used; that said defendant is insolvent; that said defendant is indebted to various persons, who claim an interest in the real estate involved, such persons being joined as defendants and required to answer as to their interests; that plaintiff duly filed notice of his intention to hold a lien, and praying a decree of foreclosure, together with the appointment of a receiver, is sufficient on demurrer as well as upon an initial attack on appeal. p. 685.

2. APPEAL.—*Vacation.—Parties.*—Persons who are not parties to the judgment appealed from, though parties to the action, are not necessary parties in a vacation appeal. p. 687.

3. MECHANICS' LIENS.—*Waiver.—Machinery.—Retaining Title.*—The retention of the title to machinery sold to defendant for use in a factory is not a waiver of the vendor's right to a mechanic's lien therefor. p. 687.

4. TRIAL.—*Special Findings.—Mechanics' Liens.—Waiver.—Retaining Title.—Sales.*—It is not necessary, in a suit to foreclose a mechanic's lien, for the special findings to show that the vendor who expressly retained his title to the machinery sold, elected to treat the sale as absolute, since the filing of the suit constitutes, of itself, such election. p. 688.

From Madison Circuit Court; *John F. McClure,* Judge.

Suit by James F. Mock against the Elwood State Bank and others. From a decree for plaintiff, the Elwood State Bank appeals. *Affirmed.*

*O. A. Armfield* and *Patrick J. Casey,* for appellant.

*Griffin & Broadbent* and *Kittinger & Diven,* for appellee.

ROBY, C. J.—The amended complaint filed by James F. Mock set up an indebtedness to him by John F. Rodefer, and averred that said defendant Rodefer was the owner of certain real estate; that he owned and operated a manufacturing establishment; that said indebtedness was incurred for machinery sold to be used, and which was used, in the improvement of said factory; that Rodefer is

insolvent; that he is indebted to various persons in large amounts, who claim liens on his real estate, and said persons are made defendants to answer to their respective interests; that the plaintiff duly filed notice of his intention to. hold a lien upon a described portion of defendant Rodefer's real estate for said sums so due him. The relief demanded was judgment for said amount owing to him, for a decree of foreclosure of his lien, and for the appointment of a receiver to take charge of and preserve the property of said Rodefer. The pleading is an extended one and the foregoing summary is not designed more than to indicate its general character. No demurrer was addressed to this pleading.

The objection is first made by the appellant, by assignment of error, that the complaint does not state facts sufficient to constitute a cause of action. The facts therein stated are sufficient to bar any subsequent action for the same cause and therefore the assignment cannot be sustained. *Efroymson v. Smith* (1902), 29 Ind. App. 451, 454; *Xenia Real Estate Co. v. Macy* (1897), 147 Ind. 568, 572. It would also have been sufficient as against a demurrer.

The court appointed a receiver who took charge of the business and property of said defendant. Subsequently a number of intervening petitions were filed by other creditors. The issues formed upon the appellee's complaint were tried by the court, and, upon request of the parties, special findings were made and conclusions of law stated thereon. In accordance with such conclusions judgment was rendered in favor of appellee for $3,616.68 and costs, and a decree foreclosing his lien for said sum and declaring the priority of such lien. From this judgment and decree the Elwood State Bank, holding Rodefer's notes for $4,000, secured by mortgage upon the real estate covered by appellee's lien, appeals, it having filed an intervening petition asking judgment upon its notes and foreclosure of its mortgage.

Appellee has seasonably moved to dismiss said appeal for lack of parties. The First National Bank of Elwood. after

the appointment of the receiver as aforesaid, filed its
2. petition seeking to foreclose a mortgage held by it
upon said real estate. This petition, that of the Elwood State Bank, and the complaint of Mock were consolidated and tried together, the priorities of the respective liens being directly involved. In the petition of the First National Bank the Taylor Belting Company was named as a defendant. It does not appear that summons was served upon it, or an appearance entered. Its name is contained in the caption of the special findings, but no fact is found in anywise affecting it. This is a vacation appeal, and parties to the judgment are necessary parties to the appeal. §647 Burns 1901, §635 R. S. 1881; Ewbank's Manual, §144. The Taylor Belting Company was not before the court and was not a party to the judgment. The Aurora Fire Clay Company was also named as a defendant in the petition of the First National Bank and filed a disclaimer of interest in the subject thereof. There was no judgment for or against said company, and it is neither a necessary nor proper party to the appeal. *Clear Creek Tp.* v. *Rittger* (1895), 12 Ind. App. 355. The same considerations apply to the motion to dismiss, so far as it is based upon the absence of Gilchrist. He is not a party to the judgment appealed from. Appellee's motion to dismiss the appeal is therefore overruled. The substantial questions upon which the disposition of this cause depends arise upon the facts contained in the special findings of the court. Those questions can be most clearly stated in the form of abstract propositions; such propositions being deduced from and inclusive of the facts thus found.

The first question is whether a vendor of machinery, by stipulating in the contract of sale that the title to such machinery remains in him until the full payment of the
3. purchase price is made, does thereby waive the right to take and hold a mechanic's lien. The holding is that he does not thereby waive such right. The reasons for

such holding are stated with much particularity in the cases hereafter cited, and nothing would be gained by a repetition of them here. *Case Mfg. Co.* v. *Smith* (1889), 40 Fed. 339, 5 L. R. A. 231; *Chicago, etc., R. Co.* v. *Union Rolling-Mill Co.* (1884), 109 U. S. 702, 720, 27 L. Ed. 1081, 3 Sup. Ct. 594; *Hooven, etc., Co.* v. *Featherstone* (1900), 99 Fed. 180; *Geer* v. *School Dist., etc.* (1907), 111 Fed. 682, 49 C. C. A. 229; *Warner Elevator Mfg. Co.* v. *Capitol, etc., Loan Assn.* (1901), 127 Mich. 323, 86 N. W. 828, 89 Am. St. 473; *Great Western Mfg. Co.* v. *Hunter* (1883), 15 Neb. 32, 16 N. W. 759.

The second question is whether a special finding, which does not state that the vendor elected to treat the sale as absolute, will sustain conclusions of law under which 4. he is entitled to a judgment .foreclosing a mechanic's lien on account of machinery purchased under such a contract. The answer to this is in the affirmative. The rule that a special finding must contain a finding upon all facts necessary to entitle a party having the burden to recover is unquestionable, but the bringing of a suit to recover the purchase price of the machinery from the vendee, and for the foreclosure of his statutory lien, is in itself an election to waive the right secured by contract. *Gaar, Scott & Co.* v. *Fleshman* (1906), 38 Ind. App. 490; *Turk* v. *Carnahan* (1900), 25 Ind. App. 125, 81 Am. St. 85; *Smith* v. *Barber* (1899), 153 Ind. 322. A statement in the special findings that vendor has brought such suit could add nothing to the knowledge already possessed by the court. The record is conclusive of the fact. It became fixed by a definite act at a precise time, and no question concerning it can arise. 1 Pomeroy, Eq. Jurisp. (3d ed.), §514.

Other points discussed relate to the sufficiency of the findings and evidence. They are not well taken, and the judgment is therefore affirmed.