## GALBREATH v. MAYO et al.

No. 9218—Opinion Filed July 23, 1918.

(174 Pac. 517.)

1. **Sales — Conditional Sales — Election to Make Absolute.**

Where a sale of personal property is made in which the vendor retains the title to the property until the purchase price thereof is paid and takes notes from the purchaser for such purchase price, and, upon default in the payment of said notes the vendor brings an action upon said notes, it is an election by the vendor to make such conditional sale absolute and defeats the right of the vendor to maintain action of replevin for said personal property.

**2. Action — Joinder of Causes of Action — Propriety.**

An action upon promissory notes cannot be properly joined with an action of replevin, and it is prejudicial error to overrule demurrer for a misjoinder of causes of action to a petition in which such causes of action are joined.

**3. Sales—Conditional Sales—Remedies of Vendor.**

A conditional sale of personal property was made and promissory notes executed for the purchase price of such property, and an action was brought upon said promissory notes in which an action of replevin was joined, and a verdict rendered for the amount found due upon said notes and also for possession of personal property or its value. Held, that it was prejudicial error to enter judgment in accord with such verdict.

**4. New Trial—Verdict Contrary to Law.**

When the verdict of the jury is contrary to law, the court should on proper motion set aside such verdict and order a new trial.

(Syllabus by Collier, C.)

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by C. A. Mayo and another, doing business under the partnership name of Mayo Furniture Company, against Robert Galbreath. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

A. T. Wells, for plaintiff in error.

C. E. B. Cutler, for defendants in error.

Opinion by COLLIER, C. Defendants in error brought suit against plaintiff in error, and the cause was tried upon an amended petition.

Hereafter the parties will be designated as they appeared in the trial court.

The salient points of said petition are:

(1.) That the defendant was indebted to the plaintiffs in the sum of $3,063.95, for furniture, chattels, and equipment now located in the Galbreath Hotel at Bromide, Okla.

(2) That no part of the principal sum due under said contract had been paid, but that the interest for the year ending June 1, 1915, had been paid.

(3) That by the terms of "said contract and mortgage" the defendant agreed and obligated himself to pay the said sum of $3,063.95, and additional sum of 10 per cent. as attorneys' fees, if said contract, mortgage, and notes were given or placed in the hands of an attorney for collection, or a suit filed for recovery thereof. That, as a part and parcel of "said contract and mortgage" and subject to all the terms and conditions of same, the defendant made, executed, and delivered to plaintiff 30 promissory notes; said notes in the aggregate amounting to the said sum of $3,063.95. That "in said contract," copy of which is filed herewith, and of which said contract the notes herein are a part, among other things, the defendant agreed that if any part of said sum due thereunder, or any installment note or any part thereof was not paid when due, this would render the whole sum immediately due, and at any time thereafter the plaintiffs might at their option demand payment of the full amount or retake possession of the property sold thereunder. And it was still further agreed, by the terms of said contract, that the title to the property covered by same would not pass to the defendant until said notes and interest were paid in full by the defendant; that the defendant, Robert Galbreath, had broken his contract, in that he had failed and refused to pay said notes; that he had defaulted in the payment of said contract price for said property for which the notes were made so purchased by him, although the plaintiffs have made repeated demands for the payment thereof; that by reason of the default the plaintiffs are entitled to immediate possession of said property for the purpose of foreclosure, under their contract and mortgage, and have a special ownership in same and a lien superior to all others for the payment of said indebtedness by the defendant therein.

The prayer of the petition is:

"For judgment against defendant for the debt, $3,063.95, due under said contract and notes with interest thereon from the 14th day of June. 1914, until paid, for the further sum of $306.39 as attorney's fees provided for in said contract, and for the possession of said property covered by the contract and mortgage for the purpose of foreclosure, finally, that judgment against the plaintiff for their costs herein laid out."

Affidavit of replevin was made, and the personal property involved in this litigation taken under a writ of replevin, for which the plaintiff in error executed a redelivery bond and retained the property.

The copy of said contract described in the petition and filed in the cause is as follows:

"Tulsa, Okla., June 1, 1914.
"Contract No. 150.

"I hereby acknowledge that Mayo Furni-

ture Company, of Tulsa, Oklahoma, have this day delivered to me, at Bromide, Oklahoma, the goods, wares and merchandise named upon the back hereof, for which I agreed to pay Mayo Furniture Company at their store, in Tulsa, Oklahoma, the sum of three thousand and sixty-three & 95-100 dollars ($3,063.95) as follows: Cash_____. Balance in monthly notes, $100 monthly with interest at the rate of 10 per centum per annum until paid.

"If the above amount or any part thereof or any installment note for any part thereof is not paid when due, and is given to an attorney for collection or suit is filed hereon for the sum or the recovery of the possession of said merchandise listed on the back hereof, I agree to pay 10 per cent. of the principal sum hereof additional as attorney's fees.

"It is agreed that the title to the merchandise named on the back hereof shall not pass to the undersigned until the purchase price thereof and all interest thereon or any judgment for all or part thereof is paid in full; or if any installment notes are made therefor until all of such installment notes and the interest thereon are paid in full, and until such payment said property shall remain your property. Default in the payment of any installment when due shall render the whole sum immediately due and at any time thereafter Mayo Furniture Company may, at its option, demand payment of the full amount or retake possession of the property named on the back hereof.

"Robert Galbreath.

"Witnesses: E. Hanley, C. A. Mayo."

The defendant demurred to the amended petition upon the ground:

"That several causes of action are improperly joined. That plaintiff attempted to join a foreclosure suit and a suit in replevin."

From the view that we take of the case, it is necessary to recite the evidence, or the instructions of the court to which exceptions were reserved. The court overruled the demurrer to the petition. to which the defendant excepted.

The jury returned the following verdict:

"We, the jury duly impaneled, sworn, and charged in the above-entitled cause, do upon our oaths find for the plaintiff and fix the amount of recovery at $3,000, principal, interest, and attorney's fees due under contract and 30 notes, and for possession of property or its value, $3,000"—to which the defendant duly excepted.

The defendant made timely motion for a new trial which was overruled and excepted to, and judgment entered:

"That the plaintiff recover from the defendant the sum of $3,000 with interest thereon at the rate of 10 per cent. per annum from this date, and the possession of the following described property, to wit: (Describing it.) That an order of sale in replevin be made of said property to satisfy said indebtedness or so much thereof as said property would bring at public sale thereof, in the manner provided by law and all costs of this action. That if the above property does not pay said indebtedness, interest, and cost of this action and sale, let execution issue therefor against the defendant"—to which the defendant duly excepted, and brings an appeal to this court.

While the instrument filed as exhibit to the affidavit of replevin is described in the petition as a mortgage and contract, it is not a mortgage, but a contract of conditional sale, and it will be noted that it is provided in said contract:

"That upon default the defendant in error may at its option, demand payment of the full amount, or retake possession of the property named on the back thereof."

In short, the contract provides two remedies: In the event there is a default in the payment of the installment notes, plaintiffs may waive their right to retake possession of the property and bring action upon the notes, or they could waive the payment of notes and retake possession of the property; but they cannot do both.

Section 1596, Elliott on Contracts, is as follows:

"Upon default in the payment of any of the installments, the seller may resume possession. And it is not necessary that there be an express provision authorizing the vendor to retake possession. In every conditional sale, his right is implied. Accordingly, when the seller resumes possession, this operates as a rescission of the sale. But the seller has the option either to retake possession or to bring an action for the price. And when the seller elects to sue, the buyer cannot offer to rescind and tender back the goods."

In D. M. Olson & Co. v. Fritz Walther, 12 Okla. 20, 69 Pac. 953, it is held:

"Where an article is sold and notes given for part of the purchase price, which contain provision that the title to such property shall remain in the seller until the notes are paid, such provision is for the benefit of the seller, and he may elect to treat the sale as absolute and sue on the notes, and a suit to recover judgment on the notes constitutes such an election."

It therefore follows that the plaintiffs, having brought suit upon the notes given by

the defendant, made an election to treat the sale as absolute, and therefore were not entitled to recover the personal property for which replevin was brought.

The seller cannot, after having elected to treat the sale as absolute and the title as having vested in the buyer, assert title to the property under the original retainer of title. Bell v. Old, 88 Ark. 99, 113 S. W. 1023; Butler v. Dodson, 78 Ark. 569, 94 S. W. 703; Parke & L. Co. v. White River Lumber Co., 101 Cal. 37, 35 Pac. 442; Crompton v. Beach, 62 Conn. 25, 25 Atl. 446, 18 L. R. A. 187, 36 Am. St. Rep. 323; Truax v. Parvis, 7 Houst. (Del.) 330, 32 Atl. 227; Smith v. Gilmore, 7 App. D. C. 192; American Process Co. v. Florida Pressed Brick Co., 56 Fla. 116, 47 South. 942, 16 Ann. Cas. 1054; Elwood State Bank v. Mock, 40 Ind. App. 685, 82 N. E. 1003; Gaar, Scott & Co. v. Fleshman, 38 Ind. App. 490, 77 N. E. 744; Smith v. Barber, 153 Ind. 322, 53 N. E. 1014; Button v. Trader, 75 Mich. 295, 42 N. W. 834; Bailey v. Hervey, 135 Mass. 172; Whitney v. Abbott, 191 Mass. 59, 77 N. E. 524; Alden v. W. J. Dyer & Bros., 92 Minn. 134, 99 N. W. 784; Keystone Mfg. Co. v. Cassellious, 74 Minn. 115, 76 N. W. 1028; Poirier Mfg. v. Kitts, 18 N. D. 556, 120 N. W. 558; Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 101 N. W. 903; Merchants' & P. Bank v. Thomas, 69 Tex. 237, 6 S. W. 565.

In Max Frisch v. Frank E. Wells, 200 Mass. 429, 86 N. E. 775, 23 L. R. A. (N. S.) 144. it is held:

"Vendor who is to retain title until purchase price is fully paid and a bill of sale given, and who upon nonpayment of an installment when due brings suit against the vendee for the balance due, arresting and holding the body of the debtor until he releases himself by taking a statutory oath, is precluded from subsequently maintaining a replevin for the property, although he failed to enter the writ in the first suit."

The plaintiffs by bringing action upon the notes given under the conditional contract of sale elected to confirm the sale as absolute, and, having so elected, their right to recover in the action of replevy was lost, and, having so elected, it was a misjoinder of causes of action to seek in the same action a recovery upon the notes and also a recovery of the property which was originally conditionally sold, or its value, and the court committed reversible error in overruling the demurrer to the petition on the ground that several causes of action were improperly joined. Subsection 5 of section 4740. Revised Laws.

In Oates v. Freeman, 57 Okla. 449, 157 Pac. 74, it is held that the proper practice to attack causes of action improperly joined is by demurrer.

The judgment upon the verdict gave the plaintiffs, not only a recovery for the amount of the notes unpaid, but also for the recovery of the personal property conditionally sold, or its value—a double recovery—and the court committed reversible error in entering judgment in accord with such verdict.

Again, the court committed prejudicial error in overruling the defendant's motion for a new trial, for the reason that the verdict of the jury awarded the plaintiff a double recovery. or, in the words of the brief, gave the plaintiff a "double-barrel recovery." This the law will not uphold.

This cause is reversed and remanded.

By the Court: It is so ordered.