HAWKINS, ADMINISTRATOR, ET AL. *v.* FIRST NATIONAL BANK OF FRANKFORT ET AL.

[No. 25,630. Filed March 27, 1929. Rehearing denied June 26, 1929.]

*Ira M. Sharp,* for appellants.
*William Robison* and *Stroup & Dawson,* for appellees.

GEMMILL, J.—Appellee First National Bank of Frankfort, on September 25, 1926, brought suit in the Boone Circuit Court to foreclose a mortgage executed by Hugh R. McDonald and America J. McDonald, his wife, on 160 acres of real estate in Boone County. At the time the suit was filed, Hugh R. McDonald was deceased, and the administrator with the will annexed of his estate was made a defendant. Clen McDonald, one of the appellees herein, who had signed the note with Hugh R. McDonald, was named as a defendant. Judgment on the note was asked against Clen McDonald and judgment of foreclosure against all defendants. As a part of that

proceeding, the plaintiff filed its verified petition and later its amended verified petition asking that a receiver be appointed to take charge of and to rent the real estate covered by the mortgage, to collect the rents and profits, and to apply same as the court might direct.

The amended verified petition contained the following material allegations: Plaintiff's mortgage was in the sum of $2,425. There was a total mortgage indebtedness on the real estate of about $21,000, which was greater than the value of same. Hugh R. McDonald, who executed plaintiff's mortgage, died in the month of April, 1925, more than one year before the filing of plaintiff's complaint to foreclose its mortgage. Charles A. Hawkins, administrator with the will annexed of the estate of Hugh R. McDonald, appointed by the Clinton Circuit Court, had filed his petition and later his amended petition to sell said real estate to pay the debts of the decedent, including the mortgages on said land; but had never received from the court an order of sale, and was making no effort to sell same. During all the time since the death of Hugh R. McDonald, his heirs had been in possession of the real estate, had collected the rents and profits therefrom, but had not paid the taxes on same, and the plaintiff had paid the taxes. The administrator with the will annexed had not proceeded with diligence in the sale of said real estate, and the real estate when sold would not sell for a sum sufficient to pay and satisfy the mortgage liens on same and the taxes.

There was a hearing on said petition by the court. The parties stipulated and agreed as to most of the facts. The amended petition of the administrator with the will annexed to sell real estate was introduced in evidence. The petitioner's mortgage was also admitted. One of the stipulations was that neither the plaintiff nor either of the prior mortgagees ever filed any claim against the estate of Hugh R. McDonald upon the evidences of in-

debtedness or mortgages given to secure the same. The court found that all the material allegations of the petition for the appointment of a receiver were true, and that a receiver should be appointed to take charge of and collect the rents of the real estate described in the complaint and in the petition until the further order of the court. The court then adjudged that a receiver should be appointed, and did then appoint the Citizens Loan and Trust Company of Lebanon, Indiana, as such receiver, which company filed in open court its written acceptance of said appointment.

From this order of the court, the appellants appealed and assigned errors, now relied upon, as follows: (1) The court erred in appointing a receiver. (2) The evidence was not sufficient to justify the appointment of a receiver. (3) The order appointing a receiver was contrary to law.

Proceedings to enforce liens against a decedent's estate are suspended, as provided in Acts 1883, ch. 121, §17, §3171 Burns 1926, as follows: "No proceedings shall be instituted before the end of one year from the death of the decedent to enforce the lien of any judgment rendered against the decedent in his lifetime upon real estate or any decree specifically directing the sale of such real estate to discharge any lien or liability created or suffered by the decedent nor shall any suit be brought before that time against the heirs or devisees of the deceased to foreclose any mortgage or other lien thereon for the payment of which his personal estate shall be liable; and in case of suit to foreclose any mortgage or other lien thereon, the executor or administrator shall be made a party defendant thereto; and if the executor or administrator shall be made a party defendant thereto and if the executor or administrator shall be diligently prosecuting his proceedings to sell the real estate of the deceased for the purpose of making assets to discharge

such liens, further proceedings for the sale thereof by the holders of liens thereon shall be stayed,upon the application of the executor or administrator. This section shall not apply to cases where, before the end of the year, the real estate shall have been sold by the executor or administrator subject to liens thereon, nor to mortgages and judgments in favor of the state."

In *White* v. *Suggs* (1914), 56 Ind. App. 572, 579, 104 N. E. 55, it was correctly held that the language of said quoted section shows clearly an intent on the part of the Legislature to prevent a suit before the end of the year, and the natural inference therefrom is that such a suit may be brought after the year, if the executor or administrator shall be made a party defendant thereto. In *Kohli* v. *Hall* (1895), 141 Ind. 411, 40 N. E. 1060, which was an action to foreclose a mortgage against the heirs and administrator of one Isaac Kohli, which mortgage and the notes secured thereby were executed by him, one paragraph of the answer of the administrator set forth facts showing he had obtained an order of sale from the proper probate court, and was and had been endeavoring to sell the real estate in question, and he prayed the court to stay the proceedings for that reason. The court said: "It appears from the special findings that over a year had elapsed since the death of the decedent and before the beginning of this action, and that the administrator had not diligently prosecuted his proceedings to sell the real estate. The special finding of facts taken and considered as a whole, we think, fully sustains the conclusions of law thereon, and authorized the court in awarding a decree of foreclosure in favor of appellees." In the instant case, the statutory requirements have been met, as the suit was not filed until more than one year after the death of the party who executed the mortgage, and the administrator with the will annexed of his estate was made a defendant.

When the receiver was appointed on June 29, 1928, the administrator with the will annexed, who was appointed on May 19, 1925, had not yet received from the court an order to sell the real estate covered by plaintiff's mortgage. And, in finding that the petition for the appointment of a receiver was true, the court found that the administrator with the will annexed was not diligently prosecuting his proceedings to sell the real estate of the deceased for the purpose of making assets to discharge the liens thereon.

Appellee First National Bank of Frankfort had the privilege of waiving its right to participate in the personal assets of the estate and depend upon its mortgage security for payment of its note, and it was not necessary that it file its claim against decedent's estate. *Beach* v. *Bell* (1894), 139 Ind. 167, 38 N. E. 819; *St. Joseph Co. Savings Bank* v. *Randall* (1906), 37 Ind. App. 402, 76 N. E. 1012.

The mortgage upon which this suit is predicated provided as follows: "It is further agreed that in case of a suit for the foreclosure of this mortgage, the mortgagee shall be entitled, as a matter of right, to the appointment of a receiver by the court in which suit may be instituted, and such receiver shall thereupon take possession of the mortgaged premises, collect the rents, issues and profits thereof and apply the same as the court may direct." A receiver may be appointed in such cases as may be provided by law or where, in the discretion of the court or the judge thereof in vacation, it may be necessary to secure ample justice to the parties. §1300, cl. 7, Burns 1926. In Wiltsie, Mortgage Foreclosure (4th ed.) §563, it is said: "Where there is a provision in a mortgage or deed of trust authorizing the appointment of a receiver pending foreclosure, the court should, upon proper application, pending foreclosure, appoint a receiver, upon the showing of any

equitable grounds"; and in §572: "In the appointment of receivers in mortgage foreclosures, no exception is made in favor of the executors or administrators of deceased mortgagors."

The mortgage sought to be foreclosed in this action could only be foreclosed in Boone County, where the real estate was situated. §1170 Burns 1926. In *Kohli* v. *Hall, supra*, it was decided that the Elkhart Circuit Court was authorized to award a decree of foreclosure, although the "proper probate court" had issued to the administrator an order for the sale of the real estate covered by the mortgage. The assumption of jurisdiction to foreclose the mortgage by the Boone Circuit Court did not divest the Clinton Circuit Court of authority to order the administrator with the will annexed to sell the real estate in question. This authority will exist until there has been a sale of the real estate in the foreclosure proceedings and the purchaser at the sheriff's sale has received a deed. The appointment of a receiver to collect the rents and profits of the real estate did not take the possession of same from the administrator with the will annexed, as he did not have possession, but took same from the heirs of Hugh R. McDonald, deceased. The Boone Circuit Court had jurisdiction in this cause. §3171 Burns 1926; *Kohli* v. *Hall, supra; White* v. *Suggs, supra*. The finding of the court on the petition for the appointment of a receiver was sustained by sufficient evidence. The court did not commit error in appointing a receiver, and the order of appointment was not contrary to law.

The judgment is affirmed.

Myers and Travis, JJ., dissent.