COATS *v.* VEEDERSBURG STATE BANK ET AL.

[No. 27,660. Filed December 29, 1941. Rehearing denied April 9, 1942.]

676

*White & White,* of Covington, and *W. J. Sprow,* of Crawfordsville, for appellant.

*Wallace & Wallace,* of Veedersburg, for appellees.

SHAKE, C. J.—Joseph L. Coats died intestate on July 28, 1938, survived by his widow and their seven children. The appellant is the administrator of the estate. The decedent left no personal property but owned real estate at the time of his death. The appellee The Veedersburg State Bank has unpaid judgments obtained against the decedent in his lifetime, and the expenses of the decedent's last illness and funeral and the costs of administering his estate are also unpaid.

On November 2, 1939, the appellee bank filed its petition asking the court for an order of execution on its judgments; the administrator filed a petition to sell real estate to make assets to pay debts on November 20th; and on December 7, 1939, the administrator filed a petition to stay the proceedings instituted by the bank. The cause was submitted to the court for trial, which denied the appellant's petition for a stay and entered an order that two-thirds of the decedent's real estate be sold on execution to pay and satisfy the bank's judgments. The appellant moved for a new trial, which motion was overruled, and judgment was entered for the bank.

The appellee bank contends that we ought not consider the merits because: (1) Elmer E. Thompson, Receiver, was not made a party to this appeal; and (2) because the only ground assigned in appellant's motion for a new trial is insufficient to present any question. The receiver was originally a defendant, but he answered specially that he had been discharged and that he had no interest in the litigation. The receiver's answer was not denied, but the court

found the allegations thereof to be true and rendered no judgment as to him. On this state of the record, the receiver is not a necessary party to this appeal. *Elwood State Bank* v. *Mock* (1907), 40 Ind. App. 685, 82 N. E. 1003.

The sole ground for a new trial was that "the decision of the court is not sustained by sufficient evidence and is contrary to law," which is substantially in the language of the statute. § 2-2401, cl. 6, Burns' 1933, § 368, cl. 6, Baldwin's 1934. While it has many times been held that this clause of the statute provides two distinct causes for a new trial, we do not know of any reason why a party may not assign these grounds jointly if he believes that he can sustain both. It may be added that a verdict or decision that is not sustained by sufficient evidence is contrary to law, though the converse is not necessarily true. The rule stated in *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. (2d) 905, cited by the appellee bank, is not applicable to the situation, and the appellant's motion for a new trial is sufficient to present the alleged errors relied upon.

This case involves the constructon and application of Acts of 1883, ch. 121, § 17, § 6-1020, Burns' 1933, § 3138, Baldwin's 1934, which provides:

"No proceedings shall be instituted before the end of one [1] year from the death of the decedent to enforce the lien of any judgment rendered against the decedent in his lifetime upon real estate or any decree specifically directing the sale of such real estate to discharge any lien or liability created or suffered by the decedent nor shall any suit be brought before that time against the heirs or devisees of the deceased to foreclose any mortgage or other lien thereon for the payment of which his personal estate shall be liable; and in case of suit to foreclose any mortgage or other lien thereon, the executor or administrator shall be made a party

defendant thereto; and if the executor or administrator shall be diligently prosecuting his proceedings to sell the real estate of the deceased for the purpose of making assets to discharge such liens, further proceedings for the sale thereof by the holders of liens thereon shall be stayed, upon the application of the executor or administrator. This section shall not apply to cases where, before the end of the year, the real estate shall have been sold by the executor or administrator subject to liens thereon, nor to mortgages and judgments in favor of the estate [state]."

Does this statute mean that a creditor's proceeding to enforce a judgment or decree, or to foreclose a lien, shall be stayed, upon a showing of diligence, if the administrator's petition to sell real estate was filed: (1) During the year; (2) prior to the filing of creditor's petition; or (3) prior to the administrator's application for a stay? In other words, as of what time must the administrator have exercised diligence to be entitled to the stay? The parties take extreme views. The appellee bank says that the stay should be denied unless the administrator began his proceeding to sell before the expiration of the year, and the appellant says that the inquiry is of the time that the administrator filed his petition for a stay.

The language of the statute is palpably ambiguous, and we are therefore authorized to make such extraneous inquiries as are proper in such cases. Among these considerations are whether the statute is in aid or in derogation of the common law, the history of the legislation on the subject, and the effect and consequences of the various possible constructions. At common law, title to a decedent's real estate vested immediately and absolutely in his heirs; the administrator had no power whatever over it. If the personal estate was insufficient to pay the debts, an

unpaid claim was treated as a lien upon the land, which the claimant could enforce in a suit in equity against the heirs. A judgment became unenforceable by execution on the death of the decedent, but it could be revived by *scire facias,* directed to the heirs and enforced against the land owned by the decedent at the time of his death. 114 A. L. R. 1165 (annotation). By virtue of these principles, it has been held that an administrator has no power over the lands of a decedent, except those powers given by statute. *Hankins, Adm'r.* v. *Kimball* (1877), 57 Ind. 42. Statutes enlarging the powers of an administrator so as to give him authority to sell real estate, being in derogation of the common law, must therefore be strictly construed. *Tippecanoe Loan, etc., Co.* v. *Carr* (1907), 40 Ind. App. 125, 78 N. E. 1043.

The statute with which we are concerned, Acts of 1883, ch. 121, § 17, § 6-1020, Burns' 1933, § 3138, Baldwin's 1934, is an amendment of Acts of 1881 ■ . (Sp. Sess.), ch. 45, § 151. The act of 1881 provided:

". . . And at the end of the year, if the executor or administrator shall be diligently prosecuting his proceedings to sell the real estate of the deceased for the purpose of making assets to discharge such liens, other proceedings for the sale thereof by the holders of liens thereon shall be stayed upon the application of the executor or administrator."

The title of the present act does not state the purpose or scope of the amendment, but a comparison of its terms with the preceding law indicates that the only substantial changes sought to be effected were that the time within which a creditor may bring a proceeding to enforce a judgment or for foreclosure of a lien is now made to begin one year after the death of the decedent, instead of one year after the issuing of letters

testamentary and the giving of notice thereof; and that the administrator shall now be made a party defendant to any such proceeding. The other changes made in the act of 1883 appear to be matters of verbiage rather than of substance. *Blumenthal* v. *Tibbits* (1903), 160 Ind. 70, 66 N. E. 159. The effect of a statute is the responsibility of the legislative branch of the government if the enactment is valid and the meaning clear, but where the statute is ambiguous, the courts will endeavor to give it a practical application. There can be no doubt that under the act of 1881 the administrator could not have successfully petitioned for a stay unless he had instituted his proceeding to sell real estate before the end of the year, and we find nothing in the present act to indicate a legislative intent to make a change in that regard.

We conclude that a creditor may institute a proceeding to enforce his judgment or foreclose his lien at any time after the expiration of one year following the death of the decedent, unless the administrator has instituted his proceeding to sell real estate within that period and is prosecuting the same with diligence. In so holding, certain definite results are accomplished: (1) Judgment creditors and lienholders are protected against an ambiguous statute which is in derogation of their common-law rights; (2) a result is reached which is in harmony with the legislative history of the statute involved; (3) the statute is given a practical application, which avoids uncertainty and a multiplicity of contemporaneous proceedings; and (4) the declared public policy that decedents' estates shall be settled without unreasonable delay is promoted (§ 6-611, Burns' 1933, § 3064, Baldwin's 1934). The appellant's petition for a stay therefore came too late, because his petition to sell real estate

was not filed within the year immediately following the death of the decedent. Our conclusion is in harmony with *Kohli et al.* v. *Hall et al.* (1895), 141 Ind. 411, 415, 40 N. E. 1060, 1061, though that case may not be relied upon as a controlling precedent. In summarizing, the court said:

"It appears from the special findings that over a year had elapsed since the death of the decedent and before the beginning of this action, and that the administrator had not diligently prosecuted his proceedings to sell the real estate. The special finding of facts taken and considered as a whole, we think, fully sustains the conclusions of law thereon, and authorized the court in awarding a decree of foreclosure in favor of appellees."

This language was quoted with approval in *Hawkins, Admr.* v. *First Nat. Bank* (1929), 201 Ind. 228, 232, 165 N. E. 547.

In view of the conclusions reached, it is unnecessary to review the evidence relating to the subject of diligence.

The judgment is affirmed.

NOTE.—Reported in 38 N. E. (2d) 243.