## GULLEY *v.* HAMM

[No. 17,579. Filed May 29, 1947. Rehearing denied September 17, 1947. Transfer denied October 14, 1947.]

594

*Sidney S. Miller,* of Indianapolis, for appellant.

*Seth S. Ward,* of Indianapolis, for appellee.·

DRAPER, J.—Action by appellee against appellant to recover for the wrongful death of appellee's 14 year old son. Verdict and judgment for $5,125. The over-ruling of appellant's motion for new trial is assigned as error.

On October 19, 1944, the boy was riding a bicycle south on the west side of Sherman Drive in Indianapolis, and the appellant was driving a car north behind another car on the east side thereof. They were ap-proaching a bridge or culvert, some 18 or 20 feet long, from opposite directions. Just before entering the bridge, the appellant swerved to the left of the center of the road and into the west lane, intending to pass the car ahead. When about half way across the bridge he met the boy, who had already entered from the north, head on. The appellant undertook to avoid the boy by regaining the east lane of the road, but succeeded only in hooking the left rear fender of the car ahead with his bumper. Both cars were burning dim lights at the time. The bicycle carried no light on the front. The boy received injuries which caused his death six days later.

To support his attack on the sufficiency of the evidence and the legality of the verdict, the appellant says the undisputed evidence reveals the boy guilty of negligence *per se* in riding the bicycle in violation of § 47-2108, Burns' 1933, which requires a bicycle operated on a public highway one-half hour after sunset to be equipped with a front lamp exhibiting a white light visible from a distance of at least 500 feet to the front. He asserts the uncontradicted evidence shows such violation to be the proximate cause of the accident, so barring a recovery.

The sun set that day at 6:13 P. M., central war time, then in effect in Indianapolis, and under the statute, the front light was required at 6:43 P. M. No witness testified to the exact time of the accident. The driver of the other car testified it occurred "about" 6:50 P. M. From the testimony of other witnesses, it could be inferred that it happened a few minutes before 6:43. In this state of the record we cannot agree that the uncontradicted evidence discloses the boy riding the bicycle in violation of the statute.

The appellant complains that five instructions tendered by the appellee and given by the court, and one given by the court on its own motion, all concerned the measure of damages. They were objected to on the ground they were unnecessarily and prejudicially repetitious. Each of the five tendered by the appellee advised the jury with respect to different circumstances which should be taken into consideration by them in reaching a verdict. All of them could have been and usually are included in one instruction. They were not couched in objectionable language, and to the small degree that they were repetitious, could not have harmed appellant.

The instructions above mentioned are further claimed

to be erroneous in that they failed to include one element necessary to be taken into consideration in reaching the amount of a verdict. The instructions were not objected to on that ground below, and any error in that respect is not now available here. Rule 1-7.

Error is predicated upon the giving of an instruction that quoted § 47-2014, Burns' 1940 Replacement, which makes it unlawful to drive to the left of the center of the highway in overtaking and passing another vehicle going in the same direction, unless the left side is clearly visible and so free of oncoming traffic as to safely permit such passing, and told the jury that if the appellant violated that statute, he would be guilty of negligence. This instruction is asserted to be erroneous because not applicable to the facts in the case and because it does not take into consideration any element of knowledge on the part of appellant of the `boy's approach from the opposite direction, it being appellant's contention that under the evidence the boy approached in the dark without a light, and his presence could not be detected by the sense of sight or sound.

The instruction was drawn on the theory that the appellant's manner of driving at the time of the collision was in violation of the statute, and so constituted negligence as a matter of law. It is peculiarly applicable to appellee's theory of the case, and there was evidence sufficient to support that theory and to justify the jury in so finding. The trial court was, therefore, required to give it. *Acme-Evans Co.* v. *Schnepf* (1938), 214 Ind. 394, 14 N. E. (2d) 561; *Pierce* v. *Clemens* (1943), 113 Ind. App. 65, 46 N. E. (2d) 836. Whether the appellant's conduct under all the circumstances was or was not violative of the statute was a material question and one for the jury

to determine from the evidence. If the appellant believed that under the facts and circumstances in evidence, some element of notice or knowledge which was essential to render his conduct a violation of the statute was lacking, the duty rested upon him, and not upon the appellee, to prepare and tender an instruction on that theory.

The court instructed the jury that the law prohibits the driving of a vehicle on the highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, and told the jury the legal effect of a violation of that law. See § 47-2004, Burns' 1940 Replacement. This was objected to on the ground that the accident occurred in a 30 mile zone and appellant's speed did not exceed 30 miles per hour.

The evidence does not show the exact speed at which appellant was driving, but it appears that the car ahead was going "approximately" 30 miles per hour and appellant was trying to pass it. The accident occurred in a residential district where a speed of 30 miles per hour is lawful in the absence of the existence of special hazards. As to whether such hazards existed, the evidence shows that the road inclined downward from the south toward the bridge. The bridge had guard rails or bannisters on either side, but no walkways. Trees and bushes thereabout made it darker than in the open. The appellant was trying to pass another car on a bridge. The car ahead partially obstructed his view. The district was thickly populated with children who used the bridge. All the foregoing facts and circumstances were known to appellant who had crossed the bridge many times. Whether any of these facts and circumstances, or all of them taken together, consti-

tuted such special hazards as to cause appellant's speed, though less than 30 miles per hour, to be a violation of the statute, was for the jury to determine, and the instruction was therefore properly given.

The appellant claims a verdict of $5,125 for the death of a 14 year old boy is excessive. The medical and funeral bills slightly exceeded $1000. The boy was a bright, cheerful, healthy, helpful boy. He had purchased and operated a paper route from the proceeds of which he gave his mother $4 to $5 per week. He earned money cutting grass and firing furnaces. The verdict does not appear to us to be excessive. *Midland Trail Bus Lines, Inc.* v. *Martin, Admx.*, 100 Ind. App. 206, 194 N. E. 862, decided in 1935.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 73 N. E. (2d) 188.