TICE *v.* JOHNSON ET AL.

[No. 20,019. Filed June 24, 1965.]

*Phillip J. Badell* and *David A. Malson*, of Rushville, for appellant.

*Vance M. Waggoner*, of Rushville, for appellees.

BIERLY, C. J.—This was an action instituted by the appellant for damages for loss of a vehicle by the appellees, as bailee. At the conclusion of appellant's evidence, appellees filed their respective motions for directed verdicts which were sustained by the court.

At the outset appellees argue that this court is without jurisdiction of this appeal because of a defect in the parties named in the assignment of errors. We agree with the appellees and feel constrained to set forth our reasons at length due to the uncertainty that exists in this matter. We are aided in our discussion by the cogent arguments of the appellees.

Rule 2-6 of our Supreme Court provides in pertinent part:

> "In the title to the assignment of errors all parties to the judgment seeking relief by the appeal shall be named as appellants, and all parties to the judgment whose interests are adverse to the interests of the appellants shall be named as appellees. . . . Failure properly to name parties will not be treated as jurisdictional. Amendments may be permitted upon such terms as the court shall direct."

The judgment of the trial court, omitting formal parts, is as follows:

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Court that the defendants, John Thompson and Thompson & Johnson, Inc., and each of them, have judgment in this cause against the plaintiff, Landon Tice, and the costs of this action are hereby assessed against the plaintiff, Landon Tice."

Appellant's assignment of error, as it appears in the transcript and brief, is as follows:

"In the Appellate Court of Indiana
"Landon Tice, Appellant
vs.                   ASSIGNMENT OF ERROR
John Thompson, et al.,
          Appellee
"The appellant avers that there is manifest error in the judgment and proceedings in this cause, which is prejudicial to appellant, in this:
"1. The court erred in overruling appellant's motion for new trial."

In *Indiana Constr. Material Co.* v. *Gelopulos* (1961), 131 Ind. App. 494, 172 N. E. 2d 72, this court held:

". . . Pursuant to Rule 2-6, the use of the expression 'et al.' following the names of the appellant or appellee in the caption, does not confer jurisdiction over those who are necessary parties to an appeal. (and cases cited)."

The paramount question we must consider and determine in the case at bar is whether the defect of parties in the assignment of errors constitutes such a violation of Rule 2-6 that it is imperative on our part to dismiss this appeal.

In *Haney* v. *Denny's Estate* (1962), 135 Ind. App. 317, 183 N. E. 2d 346, 349, this court, in ruling on

a motion to dismiss by appellee, and speaking through Kelley, CJ., held:

"Said Rule 2-6 provides, in part:

" 'Failure *properly to name* parties will not be treated as jurisdictional.' (our emphasis).

"In Allmon et al. v. Review Board, etc., et al. (1953), 124 Ind. App. 212, 215, 116 N. E. 2d 115, 116, we held that said quoted part of said rule referred to 'misspelling of names, initials or where incorrect given names are listed or other similar means of identification. It does not refer to where there is a total lack or failure on the part of those taking an appeal to name in the assignment of errors the proper party appellants.'

"In 1958 our Supreme Court, then composed of the same membership as at present, with one exception, in Baugher et al. v. Hall, Receiver, etc. supra, a Per Curiam opinion, quoted from and impliedly approved the holding in said Allmon case, supra, and noted that 'considerable confusion has resulted in the interpretation and effect of failure to name parties on appeal' a,.d that 'the situation should now be clarified.' The clarification made thereby was that said Rule 2-6 'does not dispense with the necessity of naming in the assignment of errors "all parties to the judgment seeking relief by the appeal" and "all parties to the judgment whose interests are adverse to the interests of the appellant." '. The appeal was dismissed for the failure of appellant to name the Receiver in the assignment of errors, there being 'no amendment sought or made *within time* to the assignment of errors.' (Emphasis supplied).

"Said Baugher case, supra, further held that where appellant fails to name, as appellees, all parties to the judgment who have an adverse interest to appellant, 'this court does not acquire jurisdiction of the appeal. . . . This is a requirement which, of course, *can not be waived nor modified by this court.'* (Our emphasis).

"However, by the Per Curiam opinion in Jasper & Chicago Motor Express, Inc. v. Ziffrin Truck Lines (175 N. E. 2d 20), supra, the Supreme Court

did, in fact, modify the rule adhered to in the Baugher v. Hall case, supra, and, in effect, held that the failure to name a party in the assignment of errors is not jurisdictional. The court proceeded further to declare a denial of transfer because 'after the appellant's attention was called to the defect in the parties named in the assignment of errors; *no application or attempt was made to amend*', as provided in said Rule 2-6. (Emphasis supplied).

"The Supreme Court, in said Ziffrin case last referred to, made no observation as to when or within what time the application or petition to amend the assignment of errors with respect to parties should be made or tendered. Should such application to amend be made prior to the expiration of the time provided or allowed for perfecting the appeal? Can it be made at any time before the opinion in the case is handed down? Can it be made as a part of the petition for a rehearing? Under said Rule 2-6 does the appellate tribunal possess a discretion as to the time within which the application to amend must be made? If so, can such discretion be varied with respect to each case? By what rule are counsel for the parties to be guided? Shall there exist one rule as to time in the Supreme Court and a different time rule in the Appellate Court? These and other questions remain undetermined.

". . . .

". . . Since the Supreme Court has determined, see the Ziffrin case (175 N. E. 2d 20), supra, that the failure to name a party in the assignment of errors is not jurisdictional, it would seem logically to follow that the time for the filing of an application to amend the assignment of errors, in respect to the parties, should be determined not by the expiration of the time allowed for the perfection of the appeal *but by the circumstances of the particular case and the good faith of and promptness of action by the appellant as exhibited by the allegations of his verified petition or application for the right to amend.*" (Our emphasis).

In the *Haney* case, *supra,* the appellee had filed a mo-

tion for an extension of time within which to file his brief on the merits, before his petition for dismissal was filed, and thus, under the prevailing authorities he had waived his right to file a petition for dismissal because of a defect in parties. However, the court refused to base its ruling upon this ground and held that "Appellant's motion to amend the assignment of errors was filed within two (2) days after appellee's aforesaid petition to dismiss", and that the defect was occasioned "by reason of the alleged 'inadvertence and excusable neglect' of the appellant." This court denied appellee's motion to dismiss and granted appellant ten days within which to amend his assignment of errors.

We are now confronted with the problems of when may the appellant amend his assignment of errors and what is the effect if he does not attempt an amendment. In the case at bar appellees did not file a motion to dismiss. Appellant, after being granted several extensions of time, filed his brief on the merits. Appellees, without petitioning for an extension of time, filed their answer brief wherein they argued that this court was without jurisdiction because of a defect in parties named in the assignment of errors. Appellant did not attempt to amend his assignment of errors and did not even file a reply brief.

Rule 2-15 of the Supreme Court provides in part as follows: "The appellant shall file his reply brief within fifteen (15) days after the filing of appellee's brief." Appellees, as heretofore stated, challenge the jurisdiction of this court in this cause by alleging that in their answer brief the assignment of errors, as presented by the appellant, is fatally defective. Appellant failed to file a reply brief thereto within the 15 days permitted to file the same, and/

or within that 15-day period appellant failed to file any petition to amend his alleged defective assignment of errors. Hence, we are of the opinion that, by virtue of the language of the Supreme Court in denying transfer in *Jasper & Chicago Mtr. Exp. v. Ziffrin Truck Lines* (1960), 241 Ind. 643, 175 N. E. 2d 20, the circumstances in this particular case demonstrate a lack of good faith effort by appellant to amend his defective assignment of errors and to exercise a reasonable promptness of action following the notice of such alleged defective assignment of errors as presented in appellees' answer brief.

Appellant assigned error in that the verdict of the jury is not sustained by sufficient evidence and is contrary to law; that the court erred in sustaining· defendant-appellees' motion for a directed verdict; and that the court erred in overruling appellant's objections to the admission of certain evidence.

Rule 2-17 of our Supreme Court provides in pertinent part:

"The brief of appellant shall contain short and clear statements disclosing:

". . . .

"(d) A concise statement of so much of the record as fully presents every error and objection relied upon, referring ·to the pages and lines of the transcript. The record must be stated accurately and impartially. If the verdict or finding is assailed as contrary to law for lack of evidence, the statement shall contain a condensed recital of so much of the evidence in narrative form with references to pages and lines of the transcript as is necessary to present accurately and concisely a full understanding of the questions presented."

Appellant in his condensed recital of the evidence set forth two pages of his conclusions as to what the

evidence proved. The failure to set forth fully the evidence in narrative form as is necessary to present a full understanding of the questions presented will be deemed a waiver of any questions depending upon the evidence. Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §2677, Comment 8.

By the very nature of the asserted errors appellant is charged with the duty to set forth a full and impartial statement of the evidence in order that we may accurately review this appeal. This the appellant has failed to do.

Because of the failure of appellant to present an assignment of errors according to Rule 2-6 and the fact that appellant chose not to file a petition to amend his assignment of errors, the court lacks jurisdiction of this appeal and the same is hereby dismissed.

Appeal dismissed.

Hunter, Mote and Smith, JJ., concur.

NOTE.—Reported in 208 N. E. 2d 203.