CLEMANS TRUCK LINES, INC., *et al. v.* VAUGHN.

[No. 20,348. On Motion to Dismiss filed January 31, 1966.
On Petition for Rehearing filed April 6, 1966.
Opinion filed October 11, 1966.]

406

*Ging & Free* and *Stephen A. Free,* of Greenfield and *Theodore L. Locke, Jr.,* and *Locke, Reynolds, Boyd & Weisell,* of counsel, of Indianapolis, for appellants.

*F. Boyd Hovde* and *Denver E. Davis,* and *Ice, Miller, Donadio & Ryan,* of counsel all of Indianapolis, and *Melville E. Watson,* of Greenfield, for appellee.

## ON MOTION TO DISMISS

BIERLY, J.—Appellee, Vaughn, commenced this action for damages for personal injuries and property damage resulting from a collision of an automobile and a truck. This cause was tried before a jury, which returned a verdict for appellee in the sum of $90,000.00 and consistent judgment was entered thereon. Appellants filed their motion for new trial, which was subsequently overruled and they have perfected an appeal to this court.

Appellee has filed a motion to dismiss or affirm this appeal based upon certain defects in appellants' brief which contravene Supreme Court 2-17. If appellee has sustained his argument, defects in appellant's brief would result in affirmance of the judgment, but dismissal would not be applicable. In essence, appellee presents four grounds for dismissal or affirmance of the judgment; to-wit:

(1) That appellants' brief does not accurately and impartially state the record.

(2) That the condensed recital of evidence is not completely stated.

(3) That only two of twenty-four exhibits are set forth in appellants' brief.

(4) That after each cause for new trial, appellant failed to follow by a concise statement of objections and facts relied upon and citation of authority.

The error assigned for reversal in this court is that the trial court erred in overruling appellants' motion for new trial. The specifications of error in said motion for new trial intended to be argued are:

"1. Error at law occurring at the trial in that the court erred in giving to the jury, over defendants' objection, plaintiff's instructions, Nos. 7, 10 and 11.

"3. Excessive damages.

"4. The verdict is not sustained by sufficient evidence and is contrary to law.

"5. Newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

Having carefully considered appellants' brief and the arguments presented therein, it is apparent that our review of the specifications of error would depend upon an accurate and complete recital of the evidence presented at the trial.

Supreme Court Rule 2-17 provides, in part:

". . .

"(d) A concise statement of so much of the record as fully presents every error and objection relied upon, . . . .

The record must be stated accurately and impartially. If the verdict or finding is assailed as contrary to law for lack of evidence, or as not sustained by sufficient evidence, the statement shall contain a condensed recital of so much of the evidence in narrative form . . . as is necessary to present accurately and concisely a full understanding of the questions presented."

Appellee argues that the alleged errors require an evaluation of the evidence; that the appellants had the burden of providing a condensed recital of the evidence which accurately and impartially set forth the evidence; that the record includes testimony of sixteen (16) witnesses and twenty-four (24) exhibits and two hundred (200) pages of the transcript, while the condensed recital of evidence in appellants' brief consists of only fourteen (14) pages.

Appellants' in their brief in opposition to appellee's motion to dismiss or affirm correctly recognize the rule that the brief of appellants is sufficient if, from the brief alone each ██ Judge can intelligently consider the questions presented on appeal. Appellants assert further that they "have properly condensed and recited the evidence and have done so accurately and impartially and such recital presents accurately a full understanding of the questions presented." However, we are constrained to view appellants' contention as untenable. The condensed recital of the evidence contains only brief conclusions as to what appellants conclude that the testimony of the witnesses proved. Appellants have set forth mere abstract statements of the witnesses unaccompanied by disclosure of other pertinent and often times conflicting testimony of the witnesses.

A detailed recital of all the facts and circumstances as testified to by the various witnesses is completely lacking. The testimony of the physicians as to appellee's physical condition after the accident and at the present time is not set forth in the appellants' brief. This of course is extremely pertinent as to the question of excessive damages.

Appellants' brief fails to set forth in narrative form the facts surrounding the accident in sufficient degree for this court to understand and determine the questions of law presented. In order to reverse this cause a search of record would be necessary and this we are not required to do. Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, § 2677, Comment 8. *Gilkison et al.* v. *Darlington* (1952), 123 Ind. App. 28, 106 N. E. 2d 473; *Barret* v. *Stone* (1952), 123 Ind. App. 191, 194, 108 N. E. 2d 201; *Tice* v. *Johnson et al.* (1965), 137 Ind. App. 338, 208 N. E. 2d 203.

On the 30th day of July, 1965, appellants' filed a written request for oral argument on appellants' brief. On August 20, 1965, the appellee filed a petition to dismiss or alternatively to affirm the judgment below.

No oral argument had been granted on appellants' request, nor was a petition filed by either party for oral argument on said motion to dismiss or affirm. However, due to the deficiencies in the brief of the appellants' as herein set forth we do not conclude that an oral argument on the merits is necessary.

While we prefer to decide an appeal on its merits, appellants' brief fails to demonstrate substantial compliance with the requirements of the Supreme Court Rule 2-17.

Judgment affirmed.

Prime, C.J., Smith, P.J., Carson and Mote, J.J., concur.

Wickens, J., dissents with opinion in which Hunter, J., concurs.

Faulconer, J., dissents.

WICKENS, J.—Dissenting opinion.

I respectfully dissent from the prevailing opinion. A careful examination of the briefs on the subject of the motion to dismiss, or alternatively, to affirm the judgment, does not

convince me that a good faith effort has not been made to prepare a proper appellants' brief.

A condensed recital of evidence is almost certain to contain some conclusions if it is in narrative form as required by the rule. A rough check of the relative space given to the evidence of each party does not seem to show undue emphasis of appellants' evidence to the disadvantage of appellee.

I am familiar with some previous cases which seem to say 93 pages of evidence in the transcript cannot be condensed to 4 pages of narrative recital, and 600 transcript pages cannot be reduced to 29. Here the prevailing opinion says 14 pages of closely printed narrative recital of evidence is not adequate to depict 200 pages of evidence in the transcript.

This method of measuring compliance with the rules leaves much to be desired. The only proper questions are whether the brief contains a condensed recital of so much of the evidence in narrative form as is necessary to present *accurately* and *concisely* a full understanding of the questions presented. Brevity should be encouraged within those limitations. Often the more condensed the recital is, the more it presents true effort.

I favor the modern trend to consider a case on the merits and I think it possible to do so here.

I would overrule the motion to dismiss.

HUNTER, J. concurs.

## ON PETITION FOR REHEARING

BIERLY, J.—This action was commenced by appellee, Vaughn, to recover damages for personal injuries and property damage resulting from a collision of an automobile and a truck. Appellants appealed to this court from a judgment for appellee in the sum of $90,000.00. Appellee filed a motion to dismiss or affirm alleging certain defects in the transcript and brief of appellant. On January 31, 1966, we affirmed the judgment of the trial court holding that appellants' brief

failed to conform to Supreme Court Rule 2-17, thereby not presenting error to this court.

Appellants have filed their petition for re-hearing and allege in essence that their brief is in substantial compliance with Rule 2-17, and that this court applied the wrong standard in determining the sufficiency of the appellants' brief.

At the outset we wish to correct any misunderstanding or ambiguity which may have arisen from the majority opinion. Appellee in his brief in support of his motion to dismiss or affirm set forth a numerical quantity of the pages of evidence in the transcript and contrasted that with the number of pages of evidence set forth in appellants' brief. Appellee used this as an illustration that we set forth in the majority opinion as being a *part of facit of appellee's argument*. We did not base our ruling upon the application of a simple mathematical ratio or formula. We are cognizant of the ambiguities and the problems which would emanate from such a construction of Supreme Court Rule 2-17. Further, the application of a simple mathematical formula would lead to hardship upon the attorneys as Rule 2-17 requires only the evidence that is essential to a full understanding of the questions presented. We adhere to this rule and is incumbent upon us to determine whether there has been substantial compliance with Rule 2-17 to permit a full understanding of the questions presented without aid of the transcript.

Further, appellant may not bolster his argument by asserting that appellee had the duty to fill in any omission or omissions. Where there is a want of substantial compliance with Rule 2-17, as opposed to minor omissions, requiring appellee to fill in an omission would foist upon the appellee duty of perfecting appellants' appeal. Appellee may rely upon the Supreme Court Rules and move the court to dismiss or affirm the appeal. This principle was enunciated in *Gray* v. *James* (1935) 100 Ind. App. 257, 263, 194 N.E. 203:

"Appellants do not deny that this evidence is omitted but say that in the event they have omitted any part of the

evidence that it is the duty of appellees to *supply* the omitted parts. In this contention appellants are mistaken as it is *not* the duty of appellees to supply the omissions in appellants' brief, *but appellees have the right to assume that the rule above mentioned,* which requires an appellant to set out a condensed recital of the evidence, in narrative form, will be uniformly enforced by the court . . ." (Our italics)

Keeping in mind the requirements set forth above for compliance with Supreme Court Rule 2-17, we have completely reviewed all the evidence produced in this cause as compared to that set forth in appellants' brief under the heading of Condensed Recital of Evidence. While the evidence set forth in appellants' brief is not as full and complete as is desired for a full understanding of the issues presented, we have concluded to grant appellants' Petition for Rehearing in order that appellants be given an opportunity to present their case on its merits. We prefer to determine appeals on the merits whenever possible.

Appellants' Petition for Rehearing is now granted, and the action of this court in affirming the judgment of the trial court is hereby rescinded. Appellee's motion to dismiss or affirm is now reconsidered and the same is denied.

Appellee is now granted thirty (30) days to file his answer brief from the date of the filing of this opinion in the office of the Clerk of this court.

No oral argument will be heard on the Petition for Rehearing nor on appellee's objections filed thereto.

## OPINION ON THE MERITS

BIERLY, J.—This action, based on negligence, was commenced in the Superior Court of Marion County, by Marion A. Vaughn, Appellee, against Clemans Truck Lines, Inc., and Leon L. Evans, Appellants, for damages to property and personal injuries as a result of an automobile and truck collision. On change of venue the cause was tried before a jury in the

Hancock Circuit Court, and the jury returned a verdict for the appellee in the sum of $90,000.00.

The issues were formed by the appellee's complaint in two paragraphs, and appellants' answer in two paragraphs, thereto.

In substance, appellee in his complaint alleged that on August 24, 1962, he was operating his automobile east in the 6700 block of East Thirty-Eighth Street, which is located in Marion County. The street in question is divided into four lanes, two lanes for each direction of travel, separated by a center striped line. Appellee was traveling in the inside lane, adjacent to the center line, while appellant was operating a truck in a westerly direction, traveling in the inside lane, adjacent to the center line. A collision occurred, resulting in the traumatic injury resulting in the amputation of appellee's left arm between his elbow and shoulder. These injuries which appellee sustained were alleged to be due to the carelessness and negligence of the appellants in the following acts:

"a. The Defendants operated their motor vehicle over and across the center line of a public highway while not in the act of passing or in the act of making a turn.

"b. Defendants operated their motor vehicle into the traffic lane designated for traffic flowing in the opposite direction to the Defendant's vehicle when Defendants' vehicle was not in the act of passing or making a turn.

"c. Defendants failed to maintain control of their vehicle so as to turn, swerve or stop so as to avoid collision with other vehicles properly and lawfully using a public highway, including the Plaintiff.

"d. Defendants operated their motor vehicle at an excessive speed for traffic and road conditions prevalent at the time, to wit fifty (50) miles per hour.

"e. Defendants failed to yield the right-of-way to Plaintiff and his vehicle properly and lawfully using a public highway.

"f. Defendants failed to keep a proper look-out for other motor vehicles properly and lawfully using a public highway, including the plaintiff.

"g. Defendants failed to signal or warn other motor vehicle operators properly and lawfully using a public

highway, including the Plaintiffs, of the careless and negligent acts enumerated by Subparagraphs (a) through (f) inclusive of this Rhetorical Paragraph."

The last rhetorical paragraph of the complaint then alleged the damages, which had and will be suffered by appellee, in the sum of $250,000.00 and costs.

Paragraph two, of the complaint, alleged property damage to appellee's automobile, and contained the same allegations of negligence as did paragraph one. The prayer for damages in this paragraph was for $800.00 and costs.

Appellants assign as error the overruling of appellants' motion for a new trial. Contained within said motion are several specifications of error, some of which are waived by appellants' failure to comply with Rule 2-17(c) of the Rules of the Supreme Court of Indiana. Those not waived and urged on this appeal are:

"1. Error at law occurring at the trial in that the court erred in giving to the jury, over defendant's objection, plaintiff's Instructions Nos. 7, 10 and 11.
"2. Excessive damages.
"3. The verdict is not sustained by sufficient evidence and is contrary to law.
"4. Newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

We shall first consider appellants' specification of error, asserting that Instructions Nos. 7, 10 and 11, all relating to speed, were erroneously given. The three instructions in question were based on Burns' Indiana Stat. Ann. § 47-2004 (1963 Pocket Supp.). Each instruction, and the appellants' objection thereto, are herein recited, to-wit:

### INSTRUCTION NO. 7

"At the time of the accident in question there was in full force and effect a statute, the pertinent part of which provide as follows:

" 'The driver of every vehicle shall . . . drive at an appropriate reduced speed when approaching and crossing a . . .

railway grade crossing, when approaching and going around a curve and when approaching a hill crest.'

"If you find that Mr. Leon L. Evans violated this statute without justification, he was negligent."

## OBJECTION

"The Defendant objects to the giving of Plaintiff's Tendered Instruction No. 7, for the reason that, the statute quoted does not apply to the situation at hand, for the reason that, there is no evidence of a railroad grade crossing, going around a curve, or any evidence of approaching a hill-crest at the scene of the accident. For further reason that there is *on* [no] evidence that any of the vehicles were going around a curve." [Correction Made.]

## INSTRUCTION NO. 10

"A statute of the State of Indiana, in force at the time of this accident, provides as follows:

" '(d)   The driver of every vehicle shall . . . drive at an appropriate reduced speed . . . when special hazards exist with respect to . . . traffic or by reason of weather or highway conditions.'

"The violation of this statute constitutes negligence, and if you find that Leon L. Evans violated this statute without justification and if you further find that such violation was the sole proximate cause of Mr. Vaughn's injuries, then your verdict must be for Mr. Vaughn."

## OBJECTION

"The defendant objects to the giving of Plaintiff's Tendered Instruction No. 10, for the reason that there is no evidence in the record of any question of speed or any hazards which would require any action on the part of the defendant."

## INSTRUCTION NO. 11

"At the time of the collision in question there was in full force and effect a statute the pertinent parts of which provide that 'no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, and that in every event speed shall be so restricted as may be necessary to avoid colliding with any person or vehicle on the highway in compliance with

legal requirements and with the duty of all persons to use due care.'

"Therefore, if you find from a fair preponderance of the evidence that Leon L. Evans, without justification, violated the provisions of said statute, and if you further find that such violation was the sole proximate cause of Mr. Vaughn's injuries, then your verdict must be for the plaintiff, Mr. Vaughn."

## OBJECTION

"The defendant objects and excepts to the giving of Plaintiff's Tendered Instruction No. 11, for the reason that there is no evidence of any potential hazards existing at the time of the accident and no evidence that there was any speed involved in this collision, and for the further reason, that the last sentence of the instruction is mandatory in character."

In regard to Instruction No. 7, we are of the opinion that it was within the issues as pleaded, and that there was evidence upon which the jury could consider the force and effect of this instruction. There were photographs introduced into evidence which showed a hill and a curve in the immediate vicinity of the collision, and there was also testimony by a witness for the appellee wherein there were several references to "the hill." In addition, two of the appellants' witnesses alluded to the presence of a hill. In the case of *Schlarb* v. *Henderson* (1937) 211 Ind. 1, 7, 4 N. E. 2d 205, it is stated:

"It is contended that several of the instructions are not applicable to the evidence. But instructions are not open to that objection if they are within the issues and pertinent to any question of fact which the jury may properly consider under the evidence, or any legitimate inferences which may be drawn from the evidence."

This statement is controlling in the case at bar; and hence, we find no error with respect to this specification.

With respect to the appellants' objection to Instruction No. 10, we are of the opinion that the case of *Schlarb* v. *Hender-*

*son, supra,* is again controlling. There was evidence introduced which was sufficient to justify the jury to pass on this question. The appellant, Evans, testified that he was traveling, "just about 40 miles an hour." The speed limit in the area in question was forty (40) miles per hour. The width of appellants' truck body was eight (8) feet, and the lane in which he was driving was only nine feet one inch (9' 1") in width. We believe these facts are sufficient for Instruction No. 10, to be given to the jury which would permit the jury to consider the question whether or not there were special hazards requiring a reduction in speed. See also: *Gulley* v. *Hamm* (1947) 117 Ind. App. 593, 73 N. E. 2d 188.

As to Instruction No. 11, appellants raised the similar objection, and state in addition that the instruction is mandatory in character.

Appellants have failed to discuss or cite any authority in the argument portion of their brief concerning this additional objection, and error has therefor been waived under Rule 2-17(e) and (f) of the Rules of the Supreme Court. As to the remainder of Instruction No. 11, no error has been asserted which was not discussed in our consideration of Instructions Nos. 7 and 10.

Appellants next specification of error is that the court erred in not granting a new trial for excessive damages. The general rule in setting aside verdicts on the grounds of excessive damages has been stated in the case of *Indianapolis Transit, Inc.* v. *Moorman* (1963) 134 Ind. App. 572, 578, 189 N. E. 2d 111, wherein this court stated:

> "On the question of excessive damages in order to justify a reversal 'on such ground, the amount of damages assessed must appear to be so outrageous as to impress the court at "first blush" with its enormity.' *New York Cent. R.R.* v. *Johnson, Admx., etc.* (1955), 234 Ind. 457, 127 N. E. 2d 603; *Louisville, etc., R. Co.* v. *Kemper* (1899), 153 Ind. 618, 53 N. E. 931; *Hines, Director* v. *Nichols, Admr.* (1921), 76 Ind. App. 445, 453, 454, 130 N. E. 140.

"After an examination of the evidence concerning the nature and extent of appellee's (plaintiff below) injuries we conclude there was ample and sufficient evidence to justify the jury's verdict. We therefore cannot say that the jury in assessing the amount of damages herein was motivated by prejudice, passion, partiality, or corruption or considered some improper element. *New York Cent. R.R. Co.* v. *Johnson, Admx. etc., supra; N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 108 N. E. 2d 57; *Creamery, etc. Co.* v. *Hotsenpiller* (1902), 159 Ind. 99, 64 N. E. 600; *Illinois, etc. R. Co.* v. *Cheek* (1899), 152 Ind. 663, 53 N. E. 641; *Oppenheimer et al.* v. *Craft* (1961), 132 Ind. App. 452, 175 N. E. 2d 715.

"We, as apparently was the jury, are aware of the general inflation and the constant depreciation and cheapening of money. *New York Cent. R.R. Co.* v. *Johnson, Admx., etc., supra; Hahn et al.* v. *Moore* (1956), 127 Ind. App. 149, 133 N. E. 2d 900.

". . . It must also be remembered that the trial judge was in a position to determine whether there was passion and prejudice existent, such as would unduly influence the jury in assessing damages when he passed on the motion for new trial. *Oppenheimer et al.* v. *Craft, supra;* see also *Yellow Cab Co.* v. *Kruszynski* (1935), 101 Ind. App. 187, 196 N. E. 136."

In the case at bar, there was testimony by a physician that the appellee would not be able to effectively use his artificial arm for gainful employment in the future. Also, that appellee was in the hospital for fifty (50) days and two times underwent surgery; that, he suffered "phantom pains"[1] over the two year period from the date of the accident to the time of the trial; that he was unable to wear his artificial arm for more than a few hours each day; and that he developed severe headaches and nervousness as a result of prolonged use of the artificial arm. Appellee had out of pocket expenses at the time of trial of $12,245.00.

We are of the opinion that this testimony was of a sufficient basis for the jury to determine the amount of damages that

---

1. A common phenomenon in which the person feels itching and burning of the non-existent extremity.

had already been sustained, and the amount which will be sustained in the future. It was entirely within the province of the jury to determine the amount to be awarded for his pain and suffering. They were in a position to ascertain from the appellee's demeanor, the emotional impact which often follows the amputation of an extremity. It does not appear that the amount of damages fixed by the jury is so large as to indicate prejudice, passion, partiality or corruption.

Appellants next specification of error is that the verdict is not sustained by sufficient evidence and is contrary to law. Contained within that specification are two specifications of error. The first is that improper instructions render any verdict contrary to law. The second alleges that the physical facts and circumstances compel the conclusion that appellee crossed the center line, not appellant; hence, a verdict for appellee is contrary to law.

Before discussing this portion of appellants' argument, it should be noted that under Burns' Ann. Stat. § 2-2401 (1946 Replacement), the grounds for a new trial that the verdict is not sustained by sufficient evidence or is contrary to law are separate grounds. Thus, if joined together, both must be demonstrated before a reversal can be had on these grounds. See: *Coats* v. *Veedersburg State Bank* (1942) 219 Ind. 675, 679, 38 N. E. 2d 243. Thus, if one of the two is not demonstrated as grounds for a new trial, there is no ground for reversal.

In regard to the contention that improper instructions, (namely, Instructions Nos. 7, 10 and 11) render a verdict contrary to law, we are of the opinion there was no error in giving such instructions. Appellants' argument concerns the question of lack of evidence to support the giving of these instructions, and we discussed this question in a prior specification in which discussion we held that there was sufficient evidence to warrant the giving of said instructions.

Appellants contend that appellee's two Exhibits, No. 1 and No. 2, introduced in evidence, and which were photographs, show that there was no damage to the left front fender of appellants' truck forward of the running board; and hence, the collision could not have happened as testified to by the plaintiff. As a result, appellants allege it would have been an impossibility to strike the running board of the truck without first striking the left front fender of the truck.

With appellants contention, we cannot agree. We find that the two exhibits in question fail to show the left front fender of appellants' truck. Exhibit No. 1, shows the left side of appellee's automobile and Exhibit No. 2, shows only the running board of appellants' truck. Thus, appellants' contention in respect to the photographs is not well taken.

Appellants' final argument is based on newly discovered material evidence which they could not, with reasonable diligence, have discovered and produced at the trial.

The law applicable to newly discovered evidence was announced in the case of *New York Central Railroad Co.* v. *Sarich* (1962), 133 Ind. App. 516, 527, 180 N. E. 2d 388, wherein the court is quoting from the case of *Bartley* v. *Chicago & E. I. Ry. Co.* (1942), 220 Ind. 354, 360, 41 N. E. 2d 805, stated:

"It is well settled that applications for a new trial on the ground of newly discovered evidence are looked upon with disfavor. Not only must diligence preceding the trial be shown but the evidence must be of such a character as to raise a reasonable presumption that a different result will be reached if it is introduced in the new trial. *Granting such a motion is within the sound discretion of the trial court whose ruling will not be disturbed except for abuse of discretion.*" (Our Emphasis.)

The affidavit, in the case at bar, states that the appellee was seen drinking in a tavern "around noon" on the date in question. In response to this affidavit, the appellee filed a counter-affidavit of Donald C. Crane. Mr. Crane was the manager of

an auto supply store and he stated in his reply affidavit that the appellee was in the store for approximately thirty (30) to forty-five (45) minutes during the luncheon period, and further, that he had talked with the appellee, and had handled his purchases, and smelled no ordor of alcoholic beverages on the breath of the appellee; nor, did he observe visible signs of drinking on the part of appellee.

We are of the opinion that these additional affidavits of newly discovered evidence, would have added no new evidence, and such evidence as set forth in the affidavits would have been most cumulative in character; and thus, the admission of such evidence would not have produced a different result.

There was on cross-examination, in part, testimony by Officer Marion Sample, as follows, to-wit:

"Q. Did you have any occasion to talk to Mr. Vaughn after the accident?

"A. I did.

"Q. When and where was that?

"A. At the General Hospital.

"Q. How soon after the accident was that?

"A. Approximately 25 to 30 minutes.

"Q. Did you talk with Mr. Vaughn at the Hospital?

"A. I did.

"Q. Were you able—did you get close enough to him to smell his breath?

"A. I did.

"Q. Did you detect the odor of alcohol on his breath?

"A. I did.

"Q. Would you describe that as being strong, weak, moderate, or how would you describe it?

"A. I'd say he had a moderate smell of alcohol on his breath."

Also, there was a direct-examination, in part, testimony by appellant as to appellee's alleged drinking, as follows:

"Q. While you were working with Mr. Vaughn at that time, did you have any occasion to detect the odor of *alochol* on his breath?

"A. Yes, I believe I smelled it."

We are of the opinion that it was within the province of the jury to determine the weight to be given the testimony relative to the effect of intoxicating liquors and inferences to be drawn therefrom, relative to the effect of intoxicants, if any, consumed by the appellee.

We find that the trial court did not abuse his discretion in overruling appellants' motion for a new trial.

Finding no reversible error we affirm the decision of the trial court.

Judgment affirmed.

Smith, C.J., and Mote, J., concur.

Hunter, J., concurs in result.

NOTE.—Reported in 220 N. E. 2d 351. On motion to dismiss officer reported in 213 N. E. 2d 470. On rehearing reported in 215 N. E. 2d 551.