CAPITOL BUILDERS, INC., Appellant (Defendant Below),

v.

David L. SHIPLEY, Elaina J. Shipley, Appellees (Plaintiffs Below).

No. 2–281A65.

Court of Appeals of Indiana, Second District.

Nov. 15, 1982.

John G. Forbes, Forbes & Pennamped, A Professional Corp., Indianapolis, for appellant.

David A. Clase, Harper & Clase, Indianapolis, for appellees.

BUCHANAN, Chief Judge.

## ON PETITION FOR REHEARING

Defendant-appellant Capitol Builders, Inc. (Capitol) petitions for rehearing of our August 31, 1982 decision, which appears at Ind.App., 439 N.E.2d 217.

Plaintiffs-appellees David L. Shipley and Elaina J. Shipley (the Shipleys) obtained a $10,000 judgment in their action against Capitol for negligence and breach of warranty in constructing a home. On appeal, Capitol argued that the trial court erred by reading a verdict-urging instruction, commonly known as an "Allen" charge, to the jury.

The record before us on appeal disclosed that among Capitol's objections to the trial court's proposed *final* instructions—all of which were lodged *before* the jury retired—was one concerning the "Allen" charge. More importantly, absent from the trial court's order book entry was any indication that the jury returned to court for additional instructions after the original charge was given. Thus, the record indicated that the "Allen" instruction was given as part of the trial court's original charge. We acknowledged Indiana Supreme Court decisions saying that such an instruction is improper when given as a supplemental charge to a jury which has reported its inability to agree on a verdict. *Crowdus v. State,* (1982) Ind., 431 N.E.2d 796; *Burnett v. State,* (1981) Ind., 426 N.E.2d 1314; *Lewis v. State,* (1981) Ind., 424 N.E.2d 107. But we observe that

> [n]o Indiana court has proscribed the giving of an "Allen" instruction as part of the trial court's original charge. This is probably so because the risk of promoting coerced verdicts is minimal at this stage of the trial. Furthermore, when an "Allen" charge is included among the original instructions, the possibility of undue emphasis is eliminated.

439 N.E.2d at 225.

Thus, we concluded that the trial court did not commit reversible error by incorporating the "Allen" charge as one of the original instructions.

Capitol now maintains that our finding on appeal that the "Allen" charge was included among the original instructions was "clearly in error and not supported by a careful examination of the record." *Appellant's Brief in Support of Petition for Rehearing* at 9. Capitol further petitions for leave to file a supplemental record which will show that the instruction was delivered after the jury had retired, thereby bringing this case within the ambit of *Lewis, supra,* and cases in its line of descent.

As to the argument that the record on appeal "clearly" demonstrates the "Allen" charge was given after deliberations had commenced, Capitol should be aware of two fundamental principles of appellate review. A reviewing court need not search the record to reverse. *Lutheran Hospital v. Department of Public Welfare,* (1979) Ind. App., 397 N.E.2d 638; *Clemans Truck Lines, Inc. v. Vaughn,* (1966) 139 Ind.App. 404, 213 N.E.2d 470. And a trial court speaks only through its order book. *State ex rel. Mammonth Development & Construction Consultants, Inc. v. Superior Court,* (1976) 265 Ind. 573, 357 N.E.2d 732; *Pearman v. State,* (1954) 233 Ind. 111, 117 N.E.2d 362; *Highfield v. Lang,* (1979) Ind. App., 394 N.E.2d 204. The trial court's order book entry gave no clue that the instruction was given alone after deliberations had commenced.

Capitol now requests leave to file a supplemental record, a somewhat incongruous request in light of the preceding argument. It is true that effective January 1, 1982, Indiana Rules of Procedure, Appellate Rule 7.2(C) was amended to add the following language:

Incompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on the merits.

A.R. 7.2(C) must be read in conjunction with A.R. 7.2(B), which provides in relevant part as follows:

Parts which are *not transmitted* to the court on appeal shall nevertheless be a part of the record on appeal for all purposes.

(Emphasis supplied).

Justice Hunter, concurring in result in *Dunn v. State,* (1982) Ind., 439 N.E.2d 165, discussed the effect of these rules, saying that they

preclude the automatic waiver of an appellant's claim of error heretofore triggered by virtue of the failure to *include* portions of the record necessary to appellate review. *See, e.g., Hall v. State,* (1980) Ind., 405 N.E.2d 530; *Mendez v. State,* (1977) 267 Ind. 309, 370 N.E.2d 323. Where the record has been *established* in the trial court but not *included* in the record presented for review, this Court must now issue a writ of certiorari to the trial court to obtain the missing portions.

*Id.* at 169.

Because appellant Dunn failed to establish a proper record in the trial court pertinent to his claimed error, it was properly waived. *See also Ohio Casualty Insurance Co. v. Ramsey,* (1982) Ind.App., 439 N.E.2d 1162.

And so it is here. Capitol requested a complete record on appeal, but apparently failed to accurately establish what that record was. Whether denominated waiver or omission, the effect is the same. When an appellant's praecipe requests a complete record, we must necessarily assume that the record filed in this court is complete; and the burden is on the party claiming error to establish a complete and accurate record.

*See Dunn, supra; Ohio Casualty, supra.* This is unlike the situation which may arise when only a portion of the record has been requested and additional parts must be transmitted to substantiate claimed error. *See McNeal v. State,* (1982) Ind.App., 434 N.E.2d 127.

Petition for rehearing denied.

SHIELDS, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

I vote to deny rehearing but do so because the Appellant did not seek to correct the record prior to our determination upon the merits. Its request to do so upon rehearing comes too late.

I do not, however, agree that the silence of the order book with respect to the stage of the proceedings at which the Allen charge was given is necessarily fatal to an argument premised upon the giving of such charge. An appellant may premise an appellate argument upon a fact, the existence of which is not challenged, despite the silence of the order book as to that fact. *Taylor v. State* (1982) Ind., 438 N.E.2d 275. *See Collins v. State* (1981) Ind., 415 N.E.2d 46. At no time during the consideration of this appeal, nor upon rehearing, do the Appellees challenge that the Allen charge was in truth and fact given as a supplemental instruction *after* the jury had retired and had begun deliberations. The affidavit of the trial judge appended to Appellant's Petition for Leave to File A Supplemental Record confirms that the Allen charge was given "after many hours of deliberation." The affidavit of the Court Reporter likewise demonstrates that the record as filed was inaccurate as to the proper sequence of proceedings after the conclusion of the evidence. Nevertheless, Appellant had an opportunity to discover the inaccuracy of the record prior to its submission to this court and certainly prior to our decision upon the merits. Ind. Rules of Procedure, Appellate Rule 7.2(C). At some time or other the matters before us on appeal must be viewed

as fixed and not subject to amendment or modification. Appellant's attempt to modify or correct the record at this late date is properly rejected. *Utterback v. State* (2d Dist.1973) Ind.App., 302 N.E.2d 514, *reversed on other grounds,* 261 Ind. 685, 310 N.E.2d 552.