**Larry J. LEY, M.D., and Urological Care, P.C., Appellants–Defendants,**

v.

**Donovan BLOSE and Jean Blose, Appellees–Plaintiffs.**

No. 29A02–9708–CV–553.

Court of Appeals of Indiana.

Aug. 25, 1998.

---

David J. Jensen, David J. Beach, Eichhorn & Eichhorn, Hammond, for Appellants–Defendants.

Terry K. Park, Caplin Pehler Park & Tousley, Indianapolis, for Appellees–Plaintiffs.

## OPINION

SULLIVAN, Judge.

Appellants, Larry J. Ley, M.D., and Urological Care, P.C., present an interlocutory appeal challenging the trial court's order directing third party health care providers to release records relating to Ley's treatment for alcohol abuse.

We affirm in part, reverse in part and remand for determination of whether I.C.

16–39–2–7 (Burns Code Ed. Repl.1997) protects against the disclosure of certain medical records.

Upon appeal, Ley and Urological Care argue that the trial court's order violates federal and state statutes, and regulations promulgated thereunder, protecting against the disclosure of communications between patient and physician. In addition, they contend that I.C. 16–39–2–7 (Burns Code Ed. Repl.1993) prohibits the release of these records because they constitute mental health records.

Between 1980 and 1993 Donovan Blose (Blose) received medical treatment from Ley for urological problems and conditions. In February 1992, Blose developed urinary incontinence and informed Ley of the condition. Ley performed a cystoscopy and a biopsy on April 2. The resulting pathology revealed only acute and chronic inflammation of the bladder, treated as an out-patient procedure. However, Blose continued to suffer from urinary problems during the subsequent months, prompting Ley to conduct additional tests and prescribe differing medications.

On October 1, Blose, still suffering from perineal pain, returned for a follow-up appointment. Ley ordered a urine cystology, which revealed low grade cancer. Thereafter, Ley directed Blose to undergo BCG treatment, a non-invasive, anti-tumor treatment. However, a pathology report in December 1992 revealed that the cancer invaded the muscle wall of the bladder. Ley referred Blose to another physician, who removed his entire bladder in April 1993.

Prior to the events involved in the instant dispute, Ley twice received treatment for alcoholism and depression. In addition, after referring Blose to another physician for removal of his bladder, Ley entered Shepard Hill Hospital in February 1993 to address again his problems with alcohol and depression. Thereafter, in 1995, Ley surrendered his medical license and on other occasions received further treatment from additional health care providers.

On March 27, 1996, Blose and his wife filed a complaint against Ley, contending that the

latter's negligence resulted in the injuries he suffered. Blose subsequently amended the complaint to include a request for punitive damages, based upon Ley's alleged substance and alcohol abuse.

On November 4, 1996, over Ley's objection, the trial court granted Blose's Application For Court Order Authorizing Disclosure of Patient Records, thereby directing Shepard Hill Hospital to release information regarding Ley. Subsequently, on February 26, 1997, the court granted additional petitions requesting disclosure of patient records maintained by Fairbanks Hospital, Lutheran Hospital, Andrew Morrison, M.D., Menninger Clinic, Hanley–Hazelton Clinic, and Little Hill Alena Lodge. The trial court granted the applications without conducting a hearing.

## I. FEDERAL STATUTE

■ The Public Health Service Act, 42 U.S.C.A. § 290dd–2(a) (Supp.1998), provides that patient records pertaining to the treatment of substance abuse shall be confidential, subject to limited exceptions. However, the statute is not applicable unless the individual seeking to protect against the disclosure of the medical records presents evidence that the records were obtained from a program "which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States. . . ." *Id.* Because the record fails to contain any evidence that the health care providers involved had

any connection with the federal government, we must conclude that this statute affords Ley no protection.[1]

## II. STATE STATUTES

### A. Physician–Patient Privilege

■ I.C. 34–1–14–5(3) (Burns Code Ed. Supp.1997) provides that physicians are not competent witnesses "as to matters communicated to them, as such, by patients, in the course of their professional business, or advice given in such cases." Because this privilege is derived from a statute, it must be strictly construed. *Watters v. Dinn* (1994) Ind.App., 633 N.E.2d 280, 287, *trans. denied.* Accordingly, the privilege does not normally apply to hospitals and other medical facilities, but solely to physicians.[2] *Id.*

In the present case, the court ordered disclosure of Ley's patient records maintained Shepard Hill Hospital, Fairbanks Hospital, Lutheran Hospital, Andrew Morrison, M.D., Menninger Clinic, Hanley–Hazelton Clinic, and Little Hill Alena Lodge. Because the patient-physician privilege does not extend to the hospitals and other medical facilities involved in this case, we will examine solely whether the trial court erred in ordering disclosure of records possessed by Andrew Morrison, M.D.

■ By safeguarding the confidentiality of communications, the physician-patient privilege seeks "to inspire full and complete disclosure of knowledge pertinent and necessary

1. In response, Ley argues that the record contains a letter written on behalf of Shepard Hill Hospital which demonstrates sufficient federal involvement to warrant protection under § 290dd–2(a). Written in response to a request for production of Ley's medical records, the letter states:

"Please be advised that the records of Shepherd Hill Hospital are protected by federal law and cannot be disclosed by it unless an order is obtained by you that complies with the applicable federal regulations. See 42 C.F.R. Part 2." Record at 67.

We consider this language to be conclusory and does not provide this court with sufficient evidence to conclude that the program "is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States . . . ." § 290dd–2(a). Moreover, even if sufficient, this document would only afford protection for Ley's records from Shepard Hill Hospi-

tal, and not the other institutions from which he sought treatment.

Alternatively, Ley argues that, because of the scope of federal involvement in the industry, this court should assume that the federal government was at least indirectly involved with these health care providers. Although we acknowledge that the probability of federal involvement is high, we refuse to assume that which Ley bore the burden to produce.

2. The physician-patient privilege does not apply to conversations involving third persons, including hospitals and other medical facilities, "unless that party was necessary to the purpose of transmitting the information to the physician." *Id.* at 288 fn. 3. Ley presents this court with no evidence that these facilities acted in any capacity other than mere custodians of his medical records.

to a trustful and proper relationship...." *Green v. State* (1971) 257 Ind. 244, 274 N.E.2d 267, 273. However, the privilege is not absolute, and may be waived by the patient either expressly or by implication. *Thomas v. State* (1995) Ind.App., 656 N.E.2d 819, 822, *reh'g denied.* For example, in a personal injury suit, the plaintiff waives his physician-patient privilege with respect to matters related to the physical or mental condition involved. *Barnes v. Barnes* (1992) Ind., 603 N.E.2d 1337, 1343.

■ Blose contends that Ley waived his physician-patient privilege with respect to his communications with Dr. Morrison by answering questions, without objection, about his alcoholism in interrogatories and during depositions. Moreover, he argues that Ley waived the privilege by merely providing medical services. We disagree. Unlike a personal injury plaintiff, Ley did not voluntarily place his physical or mental condition at issue. Rather, Blose made an issue of Ley's alcoholism, and Ley merely conceded that he was afflicted by and received treatment for the disease. Ley neither asserted alcoholism as an affirmative defense nor disclosed any specific details about his communications with Dr. Morrison. Moreover, Ley affirmatively opposed disclosure of the records. Because these actions fail to evince an express or implied intention to waive the patient-physician privilege, we conclude that the trial court erred in ordering disclosure of Ley's patient records maintained by Dr. Morrison. *See Clark v. District Court, Second Judicial District* (1983) Colo., 668 P.2d 3, 10.

*B.  Mental Health Records*

Ley also argues that the trial court erred in ordering disclosure of his treatment records because they constitute mental health records under I.C. 16–39–2–7. At the time of the order, the term 'mental health records' was defined as:

"**Mental health records.**—'Mental health records,' for the purposes of IC 16–39,

means recorded or unrecorded information concerning the diagnosis, treatment, or prognosis of a patient receiving mental health services or developmental disability training." I.C. 16–18–2–226 (Burns Code Ed. Repl.1993).

Subsequently, in July of 1997, the legislature amended the statute to clarify that "[t]he term does not include alcohol and drug abuse records." I.C. 16–18–2–226 (Burns Code Ed. Supp.1998).

■ Although not specifically excluded from the statute at the time of the order, alcohol treatment records were not 'mental health records' subject to protection from disclosure. The subsequent amendment to the statute merely elucidated its scope. Accordingly, we conclude that I.C. 16–39–2–7 does not prevent disclosure of Ley's treatment records to the extent that they pertain to alcohol or drug abuse. Additionally, because Little Hill Alena Lodge treated Ley solely for alcoholism, the trial court did not err in ordering that its records be disclosed.

■ However, in Answers of Defendant, Larry J. Ley, M.D., to Plaintiffs' Interrogatories, Ley indicates that the medical treatment he received from other facilities was not solely to address his alcoholism. Rather, Ley asserts that Shepard Hill Hospital, Fairbanks Hospital, Menninger Clinic and Hanley–Hazelton Clinic also treated him for depression.

In light of our holding with respect to Little Hill Alena Lodge, the records maintained by these facilities are not privileged to the extent that they relate to alcoholism. The records are privileged, however, to the extent that they pertain to depression. Pursuant to these instructions, we remand to the trial court to determine which, if any, of these records should be disclosed.[3]

The Order Authorizing Disclosure of Patient Records is affirmed with respect to the records from Little Hill Alena Lodge. The Order is reversed with respect to records maintained by Andrew Morrison, M.D. The

---

**3.** Records containing privileged information about depression may be disclosed if the privileged portions are redacted. However, if the portions of the records pertaining to depression are not facially distinguishable from the portions regarding alcoholism, the records may not be disclosed.

Order is remanded for consideration of whether I.C. 16–39–2–7 protects against disclosure of the remaining records.

KIRSCH and BAKER, JJ., concur.