**Ruben VARGAS, Appellant–Plaintiff,**

**v.**

**Elian M. SHEPHERD, M.D.,**
**Appellee–Defendant.**

**No. 45A05–0808–CV–487.**

Court of Appeals of Indiana.

April 8, 2009.

---

Andrew A. Crosmer, William G. Murphey, Rubino, Ruman, Crosmer, Smith, Sersic & Polen, Dyer, IN, Attorneys for Appellant.

Jon F. Schmoll, Kathleen M. Maicher, Spangler, Jennings & Dougherty, P.C., Merrillville, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Ruben Vargas appeals the trial court's order granting summary judgment in favor of Elian M. Shepherd, M.D. Vargas raises several issues, which we restate as:

I. Whether the trial court erred when it found that no genuine issue of material fact existed as to whether Shepherd disclosed confidential information about Vargas's medical history in violation of the physician-patient privilege and that Vargas waived the privilege;

II. Whether the trial court erred in granting summary judgment as Shepherd committed the tort of invasion of privacy by disclosing private facts about Vargas to a "particular public"; and

III. Whether the trial court erred in granting summary judgment be-

cause Shepherd undertook a duty not to disclose Vargas's medical history without Vargas's prior written consent.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Shepherd is a board certified orthopedic surgeon specializing in surgery of the spine and is licensed to practice medicine in the state of Indiana. Shepherd treated Vargas for a back injury between March and May 1995, which treatment included a microdiscectomy on Vargas's lower back. On January 7, 2003, Vargas reinjured his back while working at an apartment complex. Vargas then initiated a lawsuit against the apartment complex in Porter County, Indiana for his back injury. In his November 2004 deposition for that case, Vargas testified regarding his 1995 back injury and treatment by Shepherd.

In mid-November, 2005, counsel for the apartment complex, Zachary Stock, contacted Shepherd to perform a medical records review of Vargas's records. At that time, neither Stock nor Shepherd realized that Vargas was Shepherd's former patient. Stock furnished Shepherd with Vargas's medical records that he had obtained through discovery, and Shepherd reviewed only the records that Stock had provided. After reviewing the records, Shepherd realized that Vargas was a former patient because this fact was specifically referred to by one of Vargas's other physicians in the records. Shepherd prepared a report for Stock regarding his review of the records furnished to him and reiterated in the report the information from the records concerning Shepherd's prior treatment of Vargas.

As a result of what Vargas believed was a disclosure of his medical history by Shepherd, he filed a complaint against Shepherd alleging that Shepherd violated the physician-patient privilege, committed the tort of invasion of privacy, and breached his fiduciary duty by impermissibly disclosing Vargas's confidential medical information. Shepherd filed a motion for summary judgment. The trial court granted Shepherd's motion, concluding that Shepherd did not disclose any confidential information and that Vargas had waived the physician-patient privilege by filing a lawsuit, which placed his physical condition and specifically the injury of his back at issue. Vargas now appeals.

## DISCUSSION AND DECISION

### Standard of Review

When reviewing a grant or denial of summary judgment, we apply the same standard as the trial court: summary judgment is appropriate only when the designated evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Jacobs v. Hilliard*, 829 N.E.2d 629, 632 (Ind. Ct.App.2005), *trans. denied*. On appeal, we consider all of the designated evidence in the light most favorable to the nonmoving party. *Walton v. First Am. Title Ins. Co.*, 844 N.E.2d 143, 146 (Ind.Ct.App. 2006), *trans. denied*. The trial court's order granting a motion for summary judgment is cloaked with a presumption of validity, and a party appealing from a summary judgment decision has the burden of persuading the court that the grant or denial of summary judgment was erroneous. *Am. Home Assurance Co. v. Allen*, 814 N.E.2d 662, 666 (Ind.Ct.App.2004), *trans. dismissed* (2005). We will affirm the grant of summary judgment if it is sustainable under any theory or basis found in the evidence designated to the

trial court. *City of Clinton v. Goldner*, 885 N.E.2d 67, 71 (Ind.Ct.App.2008).

## I. Breach of Physician– Patient Privilege

■ The physician-patient privilege is codified in Indiana Code section 34–46–3–1, which provides in pertinent part:

Except as otherwise provided by statute, the following persons shall not be required to testify regarding the following communications:

. . . .

(2) Physicians, as to matters communicated to them by patients, in the course of their professional business, or advice given in such cases.

This privilege has been justified on the basis that it encourages free communication and frank disclosure between patient and physician and provides assistance in the proper diagnosis and appropriate treatment. *Andreatta v. Hunley*, 714 N.E.2d 1154, 1157 (Ind.Ct.App.1999) (quoting *Collins v. Bair*, 256 Ind. 230, 236, 268 N.E.2d 95, 98 (1971), *trans. denied* (2000)). Because the privilege is derived from a statute, it must be strictly construed. *Ley v. Blose*, 698 N.E.2d 381, 383 (Ind.Ct.App. 1998).

■ Additionally, the physician-patient privilege is not absolute and may be waived by the patient either expressly or by implication. *Ley*, 698 N.E.2d at 384. When a party places his mental or physical condition at issue in a lawsuit, he has impliedly waived the physician-patient privilege to that extent. *Id.* However, the privilege is waived only as to those matters causally and historically related to the condition put in issue and which have direct medical relevance to the claim. *Andreatta*, 714 N.E.2d at 1157.

Vargas argues that Shepherd violated the physician-patient privilege when he performed the medical records review and furnished Stock with a report that contained information concerning Shepherd's treatment of Vargas. He contends that the privilege attached when Shepherd treated him for a back injury in 1995, and Shepherd failed to assert the privilege because the statement in Shepherd's report regarding his treatment of Vargas constituted a disclosure of confidential information. Vargas also asserts that he did not implicitly waive the physician-patient privilege by filing a lawsuit against the apartment complex because of the injury he sustained.

■ As to waiver, the trial court determined that when Vargas filed his lawsuit, he waived the physician-patient privilege and any objection he had to the disclosure of any information related to his 1995 back injury. We agree. Vargas sustained a back injury in 1995 and was treated by Shepherd. In 2003, he injured his back again while he was working at an apartment complex. As a result of this 2003 injury, Vargas filed a lawsuit to recover damages. By filing this lawsuit, Vargas placed the condition of his back and any injury and treatment relating to it at issue. He therefore waived the physician-patient privilege as to Shepherd's treatment of his prior back injury. The trial court did not err when it found that Vargas waived the privilege, and summary judgment was appropriate.

■ Waiver notwithstanding, the trial court was also not in error when it granted summary judgment as to whether Shepherd breached the physician-patient privilege. Here, the designated evidence showed that, as part of Vargas's lawsuit against the apartment complex, Stock requested that Shepherd perform a medical records review of Vargas's medical records. Although Shepherd did not initially realize that Vargas was a former patient, he discovered that he had previously treat-

ed Vargas during his review of the records of one of Vargas's other physicians. These records contained a specific reference concerning the fact that Shepherd had treated Vargas in 1995. When Shepherd completed his report to Stock, he included the information concerning his treatment of Vargas that he had discovered in the medical records of Vargas's other physicians. Therefore, it was Stock who had obtained the medical records through discovery in Vargas's lawsuit against the apartment complex. Shepherd did not provide Stock with any confidential information given to him during the course of his physician-patient relationship with Vargas. He merely reiterated information contained within the medical records provided to him in order to perform the medical records review for Stock. We conclude that the trial court did not err when it found that no genuine issue of material fact existed as to whether Shepherd did not breach the physician-patient privilege.

## II. Invasion of Privacy

The tort of invasion of privacy includes four distinct injuries: (1) intrusion upon seclusion; (2) appropriation of likeness; (3) public disclosure of private facts; and (4) false-light publicity. *Munsell v. Hambright,* 776 N.E.2d 1272, 1282 (Ind.Ct. App.2002), trans. denied (2003). "Public disclosure of private facts occurs when a person gives 'publicity' to a matter that concerns the 'private life' of another, a matter that would be 'highly offensive' to a reasonable person and that is not of legitimate public concern." *Id.* (quoting *Dietz v. Finlay Fine Jewelry Corp.,* 754 N.E.2d 958, 966 (Ind.Ct.App.2001)). A communication to a single person or to a small group of persons is not actionable because the publicity element requires communication to the public at large or to so many persons that the matter is substantially certain to become one of public knowledge.

*Id.* Additionally, a few courts have adopted a looser definition of "publicity," which would allow a disclosure to be actionable even if not made to the public at large, as long as it is made to a "particular public" with a special relationship to the plaintiff. *Doe v. Methodist Hosp.,* 690 N.E.2d 681, 692 (Ind.1997) (citing *Beaumont v. Brown,* 401 Mich. 80, 257 N.W.2d 522, 531 (1977), *overruled on other grounds* ).

Vargas argues that Shepherd's statement in his medical records review report constituted an invasion of privacy as it was a public disclosure of private facts. He contends that the statement was a matter that concerned Vargas's private life and that, although it was addressed to only one person, Stock, the report was to be used in litigation and would have become public record. He further claims that this court should adopt the *Beaumont* definition of "publicity" and that an attorney adverse to the interest of the patient should be found to be a "particular public." *Appellant's Br.* at 16, 18.

Here, the designated evidence established that Shepherd did not disclose any confidential information relating to his 1995 treatment of Vargas to Stock when Shepherd completed his report. Rather, Shepherd merely reiterated information that was already contained in the medical records that he was asked to review. Because Shepherd did not disclose any confidential evidence to Stock, there could be no invasion of privacy by public disclosure of private facts. The trial court did not err when it granted summary judgment in favor of Shepherd.

## III. Duty Not to Disclose

A duty to exercise care and skill may be imposed on one who, by affirmative conduct, assumes to act, even gratuitously, for another. *Masick v. McColly Realtors, Inc.,* 858 N.E.2d 682, 692 (Ind.

Ct.App.2006). The actor must specifically undertake to perform the task he is charged with having performed negligently, for without actual assumption of the undertaking there can be no correlative legal duty to perform the undertaking carefully. *Schlotman v. Taza Cafe,* 868 N.E.2d 518, 523 (Ind.Ct.App.2007), trans. denied. In other words, the assumption of a duty creates a special relationship between the parties and a corresponding duty to act in a reasonably prudent manner. *Id.* The existence and extent of such duty are ordinarily questions for the trier of fact, but when there is no genuine issue of material fact, assumption of a duty may be determined as a matter of law. *Id.*

Vargas argues that Shepherd had a duty to obtain Vargas's written consent prior to disclosing any confidential medical information. He contends that Shepherd undertook a duty to abide by all American Medical Association ("AMA") guidelines and that these guidelines required Shepherd to obtain consent before disclosing any medical information or before performing the medical records review.

■ Assuming, without deciding, that Shepherd had a professional duty to obtain Vargas's written consent and breached that duty, Vargas suffered no injury as a consequence of such breach. Shepherd did not disclose any confidential information relating to his treatment of Vargas to Stock when he completed his report. The information contained in Shepherd's report was obtained from the medical records provided to him from Stock. His statement was merely a reiteration of information contained in the records of other physicians. Further, the information in the report was already known to Stock. To the extent that Shepherd breached a professional duty to Vargas, the appropriate remedy is a complaint to the medical licensing board or professional organization.

The trial court did not err when it granted summary judgment in favor of Shepherd.

Affirmed.

BRADFORD, J., and BROWN, J., concur.